## SIMMONS v. JACOBS.

No. 15904—Opinion Filed Nov. 17, 1925.

(Syllabus.)

**1. Ejectment — Title to Support Action to Recover Specific Real Estate.**

In an action for the recovery of specific real property, plaintiff must recover upon the strength of the title which he pleads, and upon his failure to show title, judgment must go for defendant.

**2. Appeal and Error — Review—Questions of Fact—Conclusiveness of Findings.**

In an action for the recovery of specific real property, where the parties waive a jury and agree to try the issues of fact to the court, the findings as made by the trial judge on the evidence are conclusive, if the evidence reasonably tends to support the judgment entered.

**3. Indians—Heirship—Res Judicata.**

In an action to determine heirs of a deceased allottee of the Creek Nation, filed under and by virtue of the Act of Congress of June 14, 1918, which is filed by a citizen of the Creek Tribe, where notice duly given as provided by law, and the action is tried out between contesting Indian citizen claimants, the final judgment rendered in such proceeding is conclusive, as against all such Indian citizens. In an action subsequently brought in the district court by a party to such proceedings, for determination of heirship against a claimant in possession, deriving his title from the persons adjudged in the heirship proceeding to be the sole heirs, such judgment is competent as against the contention of the plaintiff, and a judgment as against the plaintiff based thereon will be sustained.

Error from District Court, Hughes County; John L. Norman, Judge.

Action by Lena Simmons, a minor, by Dora Simmons, her guardian, against John A. Jacobs. Judgment for defendant, and plaintiff appeals. Affirmed.

R. D. Howe, for plaintiff in error.

Warren, Miller & Crutcher, for defendant in error.

BRANSON, V. C. J. This suit was instituted in the district court of Hughes county. The action was brought by Lena Simmons, a minor, by her guardian, as plaintiff, against John Jacobs. While the petition does not specifically pray for possession of the land, it does recite an alleged state of facts which, as a matter of law, makes it an action for the possession of specific real property. Among other allegations, these are found:

"Your petitioner alleges that under the above statement of facts, that she is the owner and entitled to the immediate possession of the lands * * * hereinbefore described in this petition, and that the defendant is at this time in the open, notorious, adverse and unlawful possession of the same, under a claim of title or right adverse to that of the said plaintiff, and refuses to recognize the said plaintiff, or to render possession to the said plaintiff of her interest in said land, * * * and is unlawfully withholding the same and refusing to account to her for any of the rents * * *arising therefrom."

A description of the land serves no useful purpose herein. We refer to it as the land allotted to Hotke Larney and Nicey Jessie, both full-blood citizens of the Creek Tribe of Indians. The issue raised by the plaintiff's petition as the basis for the relief sought is that she owns an interest in the land as an heir at law to said allottees. The defendant, whose right to exclusive possession is questioned by the plaintiff's suit, admitted the due allotment of the lands in question to the persons mentioned, but denied that the plaintiff was an heir at law, and further pleaded that the question lying at the basis of plaintiff's right to recover, to wit, whether or not she did inherit any part of the land in question, had already been determined in a proceeding which had its origin at the instance of the plaintiff in the county court of Okfuskee county, Okla., and which terminated on appeal to the district court of Okfuskee county, Okla., by a judgment denying the plaintiff's heirship, which judgment had become a finality. At the time the instant case was called for trial, the parties waived a jury, and the district court permitted evidence to be introduced on the issue of heirship, at the termination of which the court entered a judgment which specifically found as to the death of the said allottees, and those who inherited, and specifically found that the plaintiff had no right or interest in and to the land in question, but that the defendant was the owner, and in the quiet and peaceful possession thereof. This judgment apparently was based upon a finding of fact independent of the judgment of the district court of Okfuskee county in the heirship proceeding. The final judgment in the heirship proceeding, however, was, as to the alleged rights of plaintiff, the same as that found by the district court herein. There are no allegations in the petition in error which go to the introduction of the proof offered on behalf of the plaintiff. The allegations go, first, to the alleged holding that the entire allot-

ment of Hotke Larney ascended to her paternal heirs, and none to the maternal heirs; the plaintiff in error asserting that the devolution of the estate was under chapter 49 of Mansfield's Digest, in force in the Indian Territory prior to statehood, and that the paternal and maternal kin each inherited an undivided interest.

Another allegation of error was that the district court should not have admitted the judgment of the district court of Okfuskee county in the heirship proceeding.

As to the first proposition, we fail to find anything in the record that supports the argument made by counsel. The court did not purport to find as a matter of law that, under chapter 49 of Mansfield's Digest, in a case where the facts warranted, the provisions of said chapter 49, governing ancestral estates, would not be applicable. The land herein was not allotted until November, 1902. Hotke Larney died in 1899, leaving surviving her Nicey Jessie, a daughter, who died in the same year, but subsequent to the said Hotke Larney. That Andy Jessie and Harper Jessie were the surviving heirs of the said allottees, and that they died subsequent to said allottees, and in the same year, leaving as their sole and only heir at law their maternal grandfather, one Artusse Fields. That Artusse Fields died in the year 1910; the decree reciting several persons who were his heirs at law, and further reciting that from them the defendant acquired his conveyances which gave him the entire estate in the land in question.

Can the judgment of the district court be reversed as not being sustained by the evidence introduced in the instant suit, which purported to show the relationship between the persons in whose names the allotments were made and the plaintiff? The evidence, under the pleadings, was conflicting, and the trial court found the facts against the contention made on behalf of Lena Simmons. The evidence certainly reasonably tends to support this finding, and even if that stood alone, there is no assignment of error on which this case could be reversed. But the plaintiff seems to contend in her brief that the conclusion of the trial court was largely reached by virtue of the judgment of the district court of Okfuskee county in the heirship proceeding. Even if this contention should be sustained, the question would then arise, Could the judgment, which was moved by a consideration of the decree in the heirship proceeding, be reversed? The record shows that the heirship proceeding in Okfuskee county was instituted by the plaintiff in the instant suit; that she invoked the jurisdiction of the county court of the first-named county to determine the heirs to said land; that after the decree of the county court, an appeal was taken to the district court. The judgment in the district court was against the plaintiff, and that judgment specifically found the heirs to be the persons through whom the defendant herein claims. The heirship proceeding was a contest between citizens of the Creek Nation, and not between an alleged heir and noncitizen record claimants, who claim to have purchased long before the passage of the act of Congress of June 14, 1918. The act of Congress just referred to specifically authorizes the determination of the heirs of any deceased allottee of the Five Civilized Tribes by the county court having jurisdiction of the settlement of the estate of the deceased allottee. The county court of Okfuskee county is conceded to have been that court. The right of appeal was given to the district court. There is no question raised herein that no proper legal notice was given, for plaintiff was the person who instituted that action, and the notices were given by her. This court has held that such a proceeding to determine heirs is binding on all persons claiming to be heirs, as well as purchasers from alleged heirs, after the institution of the proceedings to determine heirship. Homer v. Lester, 95 Okla. 284, 219 Pac. 400. Therefore, if we should concede that the judgment in the instant case was moved by the judgment in the heirship proceeding, it is a judgment conclusive and binding upon her, and the action of the district court in the instant case could not be reversed on account thereof.

The judgment of the trial court is affirmed.

NICHOLSON, C. J., and MASON, LESTER, HUNT, and CLARK, JJ., concur.

Note.—See under (1) 19 C. J. pp. 1039, § 14; 1151, § 201; anno. 18 L. R. A. 781; 46 L. R. A. (N. S.) 487; 7 A. L. R. 860; 35 A. L. R. 234; 9 R. C. L. p. 838; 2 R. C. L. Supp. p. 883; 4 R. C. L. Supp. p. 629; 5 R. C. L. Supp. 530. (2) 4 C. J. p. 879, § 2853; 2 R. C. L. p. 206; 1 R. C. L. Supp. p. 444; 5 R. C. L. Supp. p. 81, (3) 31 C. J. p. 524, § 98.