Note.—See 28 Cyc. p. 623; anno. 18 A. L. R. pp. 1262; 1270; 19 R. C. L. p. 772; 20 R. C. L. p. 645; 4 R. C. L. Supp. p. 1371.

---

## HATCHETT v. GOING, County Treasurer.

No. 16460—Opinion Filed June 1, 1926.

(Syllabus.)

### Taxation—Validity of Resale Tax Deed—Recitals.

A resale tax deed containing the recitals: That the county treasurer of Payne county, Okla., sold the described tract, parcel or lot theretofore to said county, and the same had remained unredeemed for a period of more than two years from the date of said sale and no person offered to purchase the same by paying the treasurer the amount of taxes, penalties, interest and costs of sale and transfer; that notice of resale thereof had been duly given by publication of a notice of sale in the Stillwater Gazette, a newspaper of general circulation, published in said county, by publishing a notice once each consecutive week for four publications preceding the resale: describing the real estate to be sold; the name of the owner of said real estate as shown by the last tax rolls in the office of the county treasurer; the time and place of sale; the date on which said real estate was sold to the county for delinquent taxes; the years that taxes had been assessed and after delinquency added to the county lien; that the same had not been redeemed for a period of more than two years from the date of sale to the county; the amount of all delinquent taxes, costs, penalties and interest accrued thereon; that such real estate would be sold to the highest bidder for cash for said taxes, costs, penalties and interest accrued thereon and remaining due, delinquent and unpaid, and that on the 21st day of April,

1924, at a sale to be begun on the third Monday of April, 1924, between the hours of 9 o'clock a. m., and 4 o'clock p. m., and continued from day to day between the same hours until completed: that W. E. Going, the county treasurer of said county, pursuant to said advertisement, did offer separately for sale at public auction, for cash, at the office of the county treasurer in the courthouse in and for said county of Payne, and did then and there sell separately the following described property, for the amount set opposite thereto: (Description, purchaser, price, each lot separately); the purchaser being the highest and best bidder therefor, the said sum being the highest amount bid therefor, and the same being equal to or greater than the amount of taxes, penalties, interest and costs due on such tracts of land above described; and that the owner of said property so sold at said resale had not offered to redeem the same by paying to the county treasurer the amount of all taxes, penalties, interest and costs of sale up to the date of such redemption; that the said property remained unredeemed (then follows the usual granting and habendum clauses of such deed); that all delinquent taxes, penalties, interest and costs previously assessed or existing against the said real estate, including ad valorem and outstanding individual county tax sale certificates, were expressly set aside and canceled; duly signed by the county treasurer as such official and attested and acknowledged in due form by him before the county clerk of said county, is not void upon its face in view of sections 9750 and 9752, Compiled Oklahoma Statutes, 1921, and chapter 158, Session Laws 1923.

Error from District Court, Payne County; C. C. Smith, Judge.

Action by A. P. Hatchett for writ of mandamus, against W. E. Going, County Treasurer of Payne County. Alternative writ vacated. Peremptory writ denied, from which A. P. Hatchett appeals. Judgment of district court affirmed denying writ of mandamus. Affirmed.

Walter Mathews, for plaintiff in error.

C. C. Suman, County Attorney, for defendant in error.

RILEY, J. This is an appeal from a judgment of the district court of Payne county wherein A. P. Hatchett, plaintiff in error, as relator in the court below, sought and secured an alternative writ of mandamus against defendant in error, W. E. Going, as county treasurer of Payne county, respondent below. The alternative writ directed Going as such officer to show cause why a valid tax deed should not be executed by him conveying to the relator certain property of which relator had been the purchaser at a resale

for the nonpayment of taxes. W. E. Going, respondent, made return to the alternative writ showing an offer to execute a resale tax deed as prescribed on a form submitted by the State Examiner and Inspector as provided by section 6, chapter 158, Session Laws 1923, and contended that such a resale tax deed was sufficient.

On hearing, the alternative writ was set aside and the peremptory writ denied. The issue presented on appeal is whether or not the tax deed offered and tendered the relator by respondent is void on its face.

From an examination of this deed we find the following recitals:

That the county treasurer of Payne county, Okla., sold the described tract, parcel or lot theretofore to said county, and the same had remained unredeemed for a period of more than two years from the date of said sale and no person offered to purchase the same by paying the treasurer the amount of taxes, penalties, interest and costs of sale and transfer; that notice of resale thereof had been duly given by publication of a notice of sale in the Stillwater Gazette, a newspaper of general circulation, published in said county, by publishing a notice once each consecutive week for four publications preceding the resale; describing the real estate to be sold; the name of the owner of said real estate as shown by the last tax roll in the office of the county treasurer; the time and place of sale; the date on which said real estate was sold to the county for delinquent taxes; the years that taxes had been assessed and after delinquency added to the county lien; that the same had not been redeemed for a period of more than two years from the date of sale to the county; the amount of all delinquent taxes, costs, penalties and interest accrued thereon; that such real estate will be sold to the highest bidder for cash for said taxes, costs, penalties and interest accrued thereon and remaining due, delinquent and unpaid, and that on the 21st day of April, 1924, at a sale to be begun on the third Monday of April, 1924, between the hours of 9 o'clock a. m. and 4 o'clock p. m., and to be continued from day to day between the same hours until completed, that W. E. Going, the county treasurer of said county, pursuant to said advertisement, did offer separately for sale at public auction, for cash, at the office of the county treasurer in the courthouse in and for said county of Payne, and did then and there sell separately the following described property for the amount set opposite thereto: (description, purchas-

er, price, each lot separately); the purchaser being the highest and best bidder therefor, the said sum being the highest amount bid therefor, and the same being equal to or greater than the amount of taxes, penalties, interest and costs due on such tracts of land above described; and that the owner of said property so sold at said resale had not offered to redeem the same by paying to the county treasurer the amount of all taxes, penalties, interest and costs of sale up to the date of such redemption; that the said property remained unredeemed (then follows the usual granting and habendum clauses of such deed); that all delinquent taxes, penalties, interest and costs previously assessed or existing against the said real estate, including ad valorem and outstanding individual county tax sale certificates, were expressly set aside and canceled.

The resale tax deed is signed by W. E. Going, county treasurer of Payne county, Okla., attested by Cecil Jones, the county clerk, and acknowledged in due form by W. E. Going as said county treasurer before Cecil Jones in his said official capacity.

It was stipulated at the trial of the case at bar that the deed tendered the relator and refused by him is on a form prescribed by the State Examiner and Inspector. It is urged that the deed tendered relator is void on its face because the recital, "the county treasurer of Payne county, state of Oklahoma, sold the hereinafter described tract, parcel or lot theretofore to said county," does not recite the reason for the sale and does not affirmatively disclose that such sale was in fact for the nonpayment of taxes assessed thereon. Citing: Hill v. Turnverein Germania of Oklahoma City, 77 Okla. 242, 187 Pac. 920, to the effect that the recital must show the right of the county to purchase at such tax sale.

It is next urged that the deed is void because it does not show that a separate certificate of sale was executed to the county for each lot (citing Weeks v. Merkle, 6 Okla. 714, 52 Pac. 929); that it is void because it does not show that each lot was sold separately (citing Kellar v. Hawk, 19 Okla. 407, 91 Pac. 778); and that it is void because it does not disclose that there were no other bidders at the original sale. (citing Hill v. Turnverein Germania of Oklahoma City, supra).

We decline to follow the reasoning urged.

for in our opinion section 9750, Compiled Statutes, 1921, known as the presumptive evidence statute, applies to resale tax deeds and when such deeds contain the things required by chapter 158, section 6, Session Laws 1923 (amending section 9746, Compiled Oklahoma Statutes, 1921), and a recital of notice as required by section 4 of said amendment (amending section 9744, C. O. S. 1921), together with the recitals contained in the form statute, section 9752, Compiled Oklahoma Statutes, 1921, in so far as the same is applicable to resale tax deeds, as is done in the deed before us, then the deed is sufficient to withstand this attack by this writ of mandamus and the evidence presented in support thereof. By the presumptive evidence statute, supra, the burden of proof resting in common law upon the purchaser shifts to the one contesting the sale. Turpin v. Lemon, 187 U. S. 51; 37 Cyc. 1457; Pillow v. Roberts, 54 U. S. (13 How.) 472; Gibson v. Hammerburg (Kan.) 83 Pac. 23; 37 Cyc. 1432; Cochran v. Sullivan, 94 Okla. 23, 220 Pac. 870.

Prior to the amendment of 1923, supra, it was required that a resale tax deed, in addition to the recitals required, contain a summary recital of the proceedings in the matters pertaining to the resale. By the amendment this summary recital requirement was omitted and in lieu thereof it was prescribed that such deed "shall be upon a form to be prescribed by a (sic) State Examiner and Inspector." Thus there was quieted a great deal of contention dealing with just what constituted a summary recital, and whether a conclusion such as "that said land has been legally advertised for sale for said taxes," expressed in the form statute, was by force of the act made a summary. We do not think it indispensable to the validity of this resale tax deed that the same should contain the recitals urged relative to the original sale of the lands to the county, for, as heretofore recited, the presumptive evidence statute eliminates such a necessity. The lack of a necessity for such recital precludes a clear legal right to the writ of mandamus, and for these reasons the judgment of the lower court is affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, MASON, LESTER, and HUNT, JJ., concur.