## WILSON et al. v. KIRKPATRICK.

No. 18564.   Opinion Filed June 17, 1930.

Morse Garrett, for plaintiffs in error.

T. G. Cutlip, for defendant in error.

CULLISON, J. This is an appeal from the district court of Pottawatomie county, Okla., wherein Bertha Kirkpatrick, as plaintiff, filed suit to quiet title in and to certain lands described in her petition, naming Robert Wilson and J. T. Johnson as defendants. Plaintiff alleged, in substance, that she was the legal and equitable title holder and owner of the southeast quarter of the northwest quarter of section 29, in township 6, north of range 5, east of the Indian Meridian, situated in Pottawatomie county, Okla.; that she secured her title to said land through a resale tax deed dated April 22, 1926, a copy of which was attached to said petition; that the defendants were wrongfully withholding possession of said land from her; that she had been damaged by reason of such unlawful withholding of the possession of the land, for damages, and for other proper relief. The record discloses that the action was commenced within one year from the date of the resale tax deed in question.

The defendants, Wilson and Johnson, answered said petition, denying generally the allegations therein contained; admitted they were in possession of said land; alleged that the resale tax deed under which plaintiff claimed title was void, in that it failed to disclose on its face a statement of the proceedings had and done relative to the original and resale of the land for taxes, and recited only conclusions therein. Defendants further alleged that the resale tax deed was void for the further reason that the grantors of defendant Wilson had paid the taxes assessed against the land for the year 1924, as evidenced by copy of tax receipt dated January 2, 1925, attached to the pleadings, and had made demand upon the proper officer for information as to any other taxes due and did in fact pay such taxes as they were informed were due thereon; that there was not indorsed on the current tax records any delinquent taxes against said land; and denied that due and proper advertisement had been given of the original sale of the lands for taxes.

By way of cross-petition defendant alleged that the defendant Wilson was the legal owner of the fee-simple title and in possession of the described lands, and in said cross-petition set forth evidences of title; alleged the resale deed under which plaintiff claimed was void; tendered all delinquent taxes against the land, and prayed that plaintiff take nothing and that the resale tax deed be canceled and that the title of the defendants in and to the real estate be adjudged valid against the claim of plaintiff.

At the trial in the court below, the defendants objected to the introduction of the resale tax deed in evidence on the ground the same was void on its face and was insufficient to prove any issue in the case, which objection the trial court overruled.

At the conclusion of plaintiff's evidence, defendants demurred generally, which demurrer the trial court also overruled.

Defendants then introduced in evidence the title record under which defendant Wilson claimed, together with other records and some slight evidence pertaining to the issue before the court.

The trial court entered judgment in favor of plaintiff, Bertha Kirkpatrick, adjudging her to be the fee-simple title holder and owner of the land in question and entitled to the possession thereof, and the defendants were barred from asserting or claiming any right, title, or interest in said premises; from which judgment defendants appeal to this court.

The principal contention presented by defendants in their appeal is that the trial court erred in receiving in evidence the resale tax deed in question on the ground the same was void on its face.

Without setting out the resale tax deed here in question, it is sufficient to say that the same in form is identical with the resale tax deed upheld by this court in the case of Hatchett v. Going, Co. Treas., 121 Okla. 25, 246 Pac. 1100. The decision in Hatchett v. Going, supra, in so far as the question whether the resale tax deed herein is void on its face is concerned, is controlling, and we, therefore, hold that the resale

tax deed in the case at bar is, on its face, a valid deed. Comp. St. 1921, secs. 9750, 9752, and secs. 9744, 9746, as amended by Laws 1923, ch. 158, secs. 4, 6.

Therefore, the action and ruling of the trial court in overruling the objection to the introduction of the deed in evidence and in denying the demurrer to plaintiff's evidence was not error. Wolfe v. Brooke, 133 Okla. 128, 271 Pac. 669; Michie v. Haas, 134 Okla. 57, 272 Pac. 883.

Defendants further contend that the resale tax deed herein was void under and by virtue of the proceedings shown to have been had and performed by the county treasurer relative to the holding of said resale and by reason of insufficiency of such proceedings, and contend that the notice of the resale was insufficient.

Section 9744, C. O. S. 1921, as amended by section 4, c. 158, Session Laws 1923, governing the procedure to be followed by the treasurer in the resale of property for delinquent taxes, reads, in part:

"The treasurer shall give notice of the resale of such real estate by publication thereof once every consecutive week for four publications preceding the resale in some newspaper in the county. * * * Such notice shall contain * * * the time and place of sale * * * the amount of all delinquent taxes, costs, penalties, and interest accrued on the same * * *that sale provided for in this act shall be held on the third Monday of April of each year in each county."

The notice of resale in the present case recites that the county treasurer of Pottawatomie county will sell at public auction for cash to the highest bidder at the county treasurer's office between the hours of 9 a. m. and 4 p. m., on the 19th day of April, 1926, the described land, for delinquent taxes for the year 1922, that the said real estate was acquired by Pottawatomie county at tax sale and the same has remained unredeemed for a period of two years from the date of purchase and that no person has offered to purchase same for taxes, penalties, and costs due thereon, setting forth the amount of tax, costs, and penalties on said land, same being duly signed by the county treasurer.

The affidavit of publication of such notice recites that the notice was published in the regular edition of the Shawnee Morning News on the 20th and 27th days of March and the 3rd and 10th days of April, 1926.

The record in the case at bar affirmatively shows that the county treasurer complied with the provisions of our statute relative to the giving of notice for the resale of real estate for delinquent taxes.

The defendants further contend that the return of resale is defective in that it fails to show the specific date on which the property was sold.

Section 9746, as amended by section 6, ch. 158, Session Laws 1923, governs the procedure to be followed by the county treasurer in making return of his resale, and the form of such return; said section provides:

"Within thirty (30) days after such resale the county treasurer shall file in the office of the county clerk a return of his resale of such real estate, and retain a copy thereof in his office, which return must show the real estate so sold, the date upon which the property was resold, the name of the purchaser, and the price * * * of such resale with an affidavit of its publication or posting, and showing the complete minutes of sale and that the same was adjourned from day to day until the sale was completed, and such notice and return shall be presumptive evidence of the regularity, legality and validity of all the official acts leading up to such resale."

The return of resale in this case (executed within 30 days from the date of sale) recites in part that the county treasurer of Pottawatomie county, pursuant to notice theretofore given according to law, did sell at public auction to the highest bidder for cash, between the hours of 9 a. m. and 4 p. m. on the 3rd Monday in April, 1926, the property therein described, reciting the date of such sale, the name of the purchaser, and the price paid by him therefor. A copy of said notice of resale, with affidavit of its publication, is attached to such return of resale and made a part thereof. The return of resale shows the minutes of said sale and that the same was adjourned from day to day until the sale was completed.

An examination of the return of resale herein clearly discloses that the same is executed in accordance and in full compliance with the provisions of our statute governing same, and that the same is therefore valid on its face.

Section 9750, C. O. S. 1921, governing the execution of tax deeds and the presumptions created thereby, provides:

"The deed shall be signed and executed by the county treasurer in his official capacity, and acknowledged before some officer authorized to take acknowledgments of deeds; and when substantially thus executed and recorded, in the proper record of titles to real estate, shall vest in the purchaser a full right, title, and interest in and to said lands.

Such deed shall be presumptive evidence in all the courts of the state, in all suits and controversies in relation to the rights of the purchaser, his heirs or assigns to the lands thereby conveyed of the following facts:

"First, that the real property deeded was subject to taxation for the year or years stated in the deed.

"Second, that the taxes were not paid at any time before the sale.

"Third, that the real property deeded had not been redeemed from sale at the date of the deed.

"Fourth, that the property had been listed and assessed.

"Fifth, that the taxes were levied according to the law.

"Sixth, that the property was sold for taxes, as stated in the deed, and was duly advertised before being sold, **and to defeat the deed it must be clearly pleaded and clearly proven that some one of the above named six requisites was wholly omitted** and not done, and a showing that any one or all of them was irregularly done will not be sufficient to defeat the deed." (Emphasis ours.)

This section of our statutes was construed by this court in the case of Hatchett v. Going, etc., 121 Okla. 25, 246 Pac. 1100, wherein Mr. Justice Riley, speaking for the court, said:

"Section 9750, C. O. S. 1921, known as the presumptive evidence statute, applies to resale tax deeds, and when such deeds contain the things required by chapter 158, sec. 6, S. L. 1923 (amending section 9746, C. O. S. 1921), and a recital of notice as required by section 4 of said amendment (amending section 9744, C. O. S. 1921), together with the recitals contained in the former statute (section 9752, C. O. S. 1921), in so far as the same is applicable to resale tax deeds, as is done in the deed before us, then the deed is sufficient to withstand this attack by this writ of mandamus and the evidence presented in support thereof."

In the body of said opinion (Hatchett v. Going, supra) the court further held:

"By the presumptive evidence statute, supra, the burden of proof resting in common law upon the purchaser shifts to the one contesting the sale."

The function then of section 9750, supra, is to shift from the tax deed holder the common-law burden of proof and to transfer this burden of proof to the shoulders of the original record owner, or to anyone claiming through or under the original record owner.

The record owner is not barred from proving the falsity of tax deed allegations; the presumptive evidence statute (section 9750, supra) merely creates a presumption as to the validity of resale tax deeds when the deeds contain the recitals required by statute, and places the burden of proving the falsity of such allegations upon the party seeking to have the resale tax deed set aside.

Under the record in the present case, can it be said that the defendants, who are herein contesting the validity of the resale tax deed in question, have sustained the burden of overcoming the presumption that the resale tax deed is valid and that the procedure leading up to the issuance of the deed is according to law?

We are of the opinion, after a careful analysis of the record in this case, that the defendants have failed to overcome such presumption.

It is true, defendants in their answer and cross-petition allege numerous defects, both in the resale tax deed and in the procedure leading up to the issuance of the same, which, if true, might render the deed herein void. But, as heretofore stated, the resale deed is, on its face, a valid deed, and the record is silent as to any legal proof offered in support of the allegations contained in the answer and cross-petition that the procedure leading up to the issuance of the resale tax deed was irregular.

The record does show that the defendant Wilson wrote the county treasurer of said county and made inquiry as to back taxes on the land in question, and a notation on the bottom of said letter, purported to have been signed by the county treasurer, advised defendant that the taxes were paid by Mrs. E. Lewis, defendant's grantor. However, this evidence is wholly incompetent, irrelevant, and immaterial, for the reason said inquiry made of the county treasurer was subsequent to the date of the resale of the land in question.

There was also some evidence tending to show that the grantors of defendant Wilson paid the 1924 and 1925 taxes on said land. This evidence too is incompetent, irrelevant, and immaterial, for the reason the record shows the resale in question was for delinquent taxes for the year 1922, and the record is silent as to payment of such taxes by defendants' grantors; but the record affirmatively discloses that such taxes were not paid and that they remained unpaid for the statutory period, prior to the date of resale.

Under the showing made by the record in this case, we are, therefore, of the opinion, and hold, that the defendants herein have

failed to overcome the presumption, created by statute, that the resale tax deed herein is valid.

The last contention of defendants is that the provisions of the 1923 Resale Tax Law, ch. 158, Session Laws 1923, pertaining to the method, manner, and form of tax deeds, is unconstitutional in that the same provides, among other things, for preparation of form of a resale tax deed to be provided by a "State Examiner and Inspector," and thereby delegates to a ministerial officer powers not incumbent upon him, and is an attempted grant of authority to a ministerial officer to do and perform acts not within the powers granted to his office, the same being beyond the authority of the Legislature to grant as a delegation of authority.

We are of the opinion this contention is not well taken. Chapter 158, Session Laws 1923, sec. 6 (sec. 9746) reads, in part:

"* * * And within thirty (30) days the county treasurer shall execute, * * * to the purchaser * * * a deed conveying the real estate thus resold, which deed shall be upon a form to be prescribed by a (sic) State Examiner and Inspector and which shall contain a provision expressly canceling and setting aside all delinquent taxes, penalties, interests, and costs previously assessed or existing against said real estate, including ad valorem and outstanding individual and county tax sale certificates, and such deed shall vest in the purchaser and grantee of said real estate an absolute and perfect title in fee simple to said land. * * *"

Section 19, art. 6, Constitution of Oklahoma, provides for a State Examiner and Inspector, prescribes his qualifications, duties, and powers, and provides, "other duties and powers may be added by law." The argument advanced by defendants that the duty imposed upon the State Examiner and Inspector by the Legislature of preparing a form of resale tax deed is an attempt by the Legislature to delegate to a ministerial officer powers not incumbent upon him, is untenable.

Clearly, the State Examiner and Inspector has such duties and powers as are provided in the Constitution, and under the clause, "other duties and powers may be added by law," the Legislature of this state has the right to add to those duties imposed by the Constitution on the State Examiner and Inspector such other duties as to the Legislature may seem proper. Within this conferred power the Legislature has the right to add to the duties of the State Examiner and Inspector the additional duty and power to prepare a form of resale tax deed, as called for in section 6 of ch. 158, S. L. 1923, supra, and section 9752, C. O. S. 1921.

Defendants also contend that the duty of formulating a resale tax deed rests with the Legislature, and cannot be conferred upon a ministerial officer.

In section 9752, C. O. S. 1921, the Legislature prescribes a form for a tax deed (which statutory form for tax deed has not been amended or repealed), and provides that tax deeds shall be executed in substantial compliance therewith.

That this statutory form of deed is to be held as applying to resale tax deeds was recognized by this court in the case Hatchett v. Going, Co. Treas., supra, wherein the court held that a resale tax deed, among other things, should contain the recitals embodied in the form provided in section 9752, supra, in so far as the same are applicable to resale tax deeds.

Section 6, ch. 158, S. L. 1923, does not prescribe in detail the form of deed to be used by the State Examiner and Inspector, such statutory form having been provided in section 9752, supra, but does provide that certain specific allegations, as provisions expressly canceling and setting aside all delinquent taxes, etc., shall be embodied in said deed. Such recitals required to be in the resale tax deed, as provided by section 6, ch. 158, S. L. 1923, and the deed to be drawn in substantial conformity with the statutory form prescribed by the Legislature in section 9752, C. O. S. 1921, then the contention that section 6, ch. 158, S. L. 1923, is unconstitutional in that it attempts to confer upon a ministerial officer legislative duties must fall.

It is a well-settled rule of law that the Legislature may enact a law, complete within itself, the object of which is a general purpose, and for the purposes of carrying into operation the act may delegate to ministerial officers the power to prescribe details in connection with the carrying into effect of said law. 6 R. C. L. 178.

The procedure to be taken prior to the issuance of a tax deed is prescribed by the Legislature, the compliance with which is a condition precedent to the issuance of a valid tax deed.

Whether the form of said deed be prescribed by the Legislature itself or by the State Examiner and Inspector, under statutory forms and directors prescribed by the Legislature, the question whether a particular tax deed or resale tax deed is valid on its face is a matter for the courts to determine. Weeks v. Merkle, 6 Okla. 724, 52

Pac. 929; Wilson v. Wood, 10 Okla. 280, 61 Pac. 1045.

Under our views of this case as set out above, we are of the opinion and hold that the judgment of the trial court quieting the title of the holder of the resale tax deed herein, Bertha Kirkpatrick, as against these defendants, Robert Wilson and J. T. Johnson, must be, and is hereby, affirmed.

LESTER, V. C. J., and CLARK, HEFNER, SWINDALL, and ANDREWS, JJ., concur. MASON, C. J., and HUNT and RILEY, JJ., absent.