## WINTERS et al. v. BIRCH.

No. 23594.   Oct. 16, 1934.

238

H. M. Adams, for plaintiffs in error.

Merle G. Smith, for defendant in error.

SWINDALL, J. This is an action in ejectment brought in the district court of Logan county by E. E. Birch, as plaintiff, against C. C. Winters and Lee Winters, as defendants, wherein Birch seeks to recover possession of the lot in his petition described and damages for withholding possession. Plaintiff in his petition alleges in substance that he is the owner in fee simple and holds the legal and equitable estate in and to lot 7 of block 54 in that part of the city of Guthrie known as Guthrie Proper, and is entitled to the immediate possession thereof, and he attaches to his petition, as an exhibit, copy of resale tax deed from the county treasurer of Logan county to himself, dated September 8, 1928. The petition further states that defendants unlawfully entered upon said premises on or about the 5th day of July, 1929, and have ever since kept plaintiff out of possession and have used said property for their own use and benefit, and that plaintiff has been damaged thereby in the sum of $100. The prayer of said petition is for possession of said premises described, for $100 damages, and for costs and other proper relief.

The defendants, C. C. Winters and Lee Winters, answered said petition, denying generally the allegations of the petition, and allege that the resale tax deed under which plaintiff claims is void on its face in that it shows that two separate tracts of real estate were sold and included in one tax sale certificate; that it does not show when any resale was held; that the tax deed was invalid because of defects in the notice of sale; that the county treasurer was without authority to sell said real estate at resale in September, 1928; that the lot involved was not sold at public auction to the highest bidder; that the notary who took the acknowledgment was disqualified; and that the cause of action is barred by the statute of limitations for the reason that the resale tax deed was recorded in the office of the county clerk on September 11, 1928, and the action was not commenced until the 29th day of October, 1929. The defendants pray only

that plaintiff take nothing by the action and that same be dismissed.

The plaintiff filed a reply generally denying the allegations of the answer and alleging that plaintiff was in possession of the lot in dispute from the 8th day of September, 1928, until the 5th day of July, 1929, when the defendants, without color of title or any legal right whatsoever, entered into possession.

The case was, on September 28, 1931, tried before the court without a jury, and at the close of all the evidence the court rendered judgment, specifically finding that plaintiff has sustained the allegations of his petition and is entitled to judgment accordingly; that the plaintiff is the owner in fee simple and has the legal and equitable title to the lot in question; and, quoting from the court's findings, "* * * that the said plaintiff at this time is in the actual, open, notorious, and adverse possession of said premises, that he has been in the actual, open, notorious, and adverse possession of the premises continuously and without interruption from the 11th day of September, 1928, until the present time. That the said defendants claim joint possession of said premises with the said plaintiff, but that such claim of said defendants was in no way adverse to the said plaintiff's claim for possession, and the said claim of the said defendants was without color of any title whatsoever," and that the defendants have no right, title, or interest in and to said premises. The judgment decreed the title and possession to be in plaintiff; quieted his title as against defendants and their assigns; canceled and removed as clouds on plaintiff's title all deeds or documents in the chain of title claimed by defendants; perpetually enjoined defendants from claiming any right, title, or estate in said premises adverse to plaintiff, or from commencing any suit to disturb plaintiff in his title or possession; ordered defendants to immediately remove from said premises and not re-enter thereon; and adjudged that defendants pay all costs of the action.

From this judgment defendants appeal to this court.

The defendants, plaintiffs in error herein, in their brief first make the contention that plaintiff's action is barred by the statute of limitations under the terms of section 12763, O. S. 1931. That section is as follows:

"No action shall be commenced by the holder of the tax deed or the former owner or owners of the land by any person claim-

ing under him or them to recover possession of the land which has been sold and conveyed by deed for nonpayment of taxes or to avoid such deed, unless such action shall be commenced within one year after the recording of such deed; and in case of action to avoid the deed, not until all taxes, interest and penalties, costs and expenses shall be paid or tendered by the party commencing such action."

There has been some confusion and apparent conflict in the decisions of this court as to the character of cases to which the above statute should be applied, but it is now settled that this section does not apply to actions brought by the tax deed holder to recover possession of land claimed under tax deeds issued pursuant to a resale of the property, sometimes called "resale" tax deeds, as distinguished from tax deeds issued to holders of tax sale certificates, sometimes called "certificate" tax deeds. The deed in question is such a "resale" tax deed issued in accordance with the provisions of section 6 of chapter 158, S. L. 1923, section 12756, O. S. 1931, which section contains a provision limiting the time within which an action can be brought to void or set aside said deed, but contains no limitation on an action by the tax deed holder to recover the possession of the land or enforce his rights under the tax deed. This leaves in force as a limitation on such actions only the general statutes of limitation applicable to owners of real estate, as contained in section 99, O. S. 1931.

In the case of Swan v. Kuehner, 157 Okla. 37, 10 P. (2d) 707, this court sets out an exhaustive history of section 12763, O. S. 1931, and section 12756, O. S. 1931, which are therein respectively referred to as section 9753, C. O. S. 1921, and section 6, chapter 158, S. L. 1923; points out the various decisions of this court which have given rise to the confusion in construing these statutes, clarifying them as far as possible, and giving at some length the reason for the rule stated. Referring to section 26 (5668) of the Statutes of Oklahoma 1893, which is in substantially the same words as section 12763, O. S. 1931, the court said:

"It will be noted that the provisions of section 26 (5668) of the Statutes of Oklahoma 1893 applied only to deeds made to purchasers at an original sale and that they did not apply to purchasers at a resale."

Quoting further:

"The purchaser at a valid tax resale procures a title from the government which is free and clear from any former right of any former owner of the real estate, and which is in no wise dependent upon his bringing an action to obtain possession of the real estate or to establish the validity of his resale tax deed, and his title thereto is not divested at the end of one year from the date of the recording of his resale tax deed, though he has not obtained possession of the real estate during that one-year period and though he has not instituted an action during that period to procure possession thereof or to establish the validity of his resale tax deed. The rule announced in Cadman v. Smith, supra (15 Okla. 633), and followed in other cases relating to certificate tax deeds, has no application. The 1923 act shows a clear legislative intent to limit the time during which a former owner of real estate may commence an action to avoid or set aside a resale tax deed to one year. The inclusion in that provision of an exception as to infants, idiots, and insane persons, or other persons under legal disability, must be construed as making effective the one-year provision as to all those not within the excepted classes. The act shows a clear legislative intention not to specially limit the time during which the holder of a valid resale tax deed may commence an action to procure possession of the land or to establish the validity of his resale tax deed, and the limitation applicable to the holder of a resale tax deed is the general statutes of limitation applicable to owners of real estate."

The same rule is expressly followed in the case of Webb et al. v. Ketcham et al., 157 Okla. 294, 12 P. (2d) 191, the 1st syllabus being as follows:

"The purchaser of land from the county, which holds it under a resale tax deed, is not barred by the statute of limitations of twelve months."

The plaintiff in error herein relies on the cases of Clark v. Duncanson, 79 Okla. 180, 192 P. 806, and Callander v. Brickner, 97 Okla. 37, 222 P. 531. As pointed out in Swan v. Kuehner, supra, the Duncanson Case involves a certificate tax deed and is consequently not in point. The case of Callander v. Brickner, supra, although involving a resale tax deed, erroneously followed the rule laid down in the Duncanson Case, which involved a certificate tax deed. The application of that rule in the Callander Case was criticised by this court in the case of Swan v. Kuehner, supra, and, so far as it is in conflict herewith the case of Callender v. Brickner, supra, is expressly overruled.

In the present case, the resale tax deed from the county treasurer of Logan county to E. E. Birch, the plaintiff, was dated September 8, 1928, was duly recorded in the

office of the county clerk of that county on September 11, 1928, and this suit was brought on the 29th day of October, 1929, and it necessarily follows that the general statute of limitations had not run against the action.

It is next contended by the defendants, plaintiffs in error, that the resale tax deed on which plaintiff relies is void, and they assign three reasons for this contention. It may be noted at the outset that the deed to Birch, herein involved, is practically identical with the deed approved by this court in the case of Hatchett v. Going, 121 Okla. 25, 246 P. 1100, except that the deed here involved contains two additional clauses. It will be necessary to set out only a part of the deed, as follows:

"Know all men by these presents: Whereas, the county treasurer of Logan county, state of Oklahoma, sold the hereinafter described tract, parcel or lot of land heretofore on the 2nd day of November, 1925, to said county for nonpayment of delinquent taxes assessed thereon **and did execute a separate tax sale certificate therefor** and same has remained unredeemed * * *, and on the 16th day of April, 1928, at a sale begun on the third Monday of April of the year 1928, between the hours of nine o'clock a. m. and four o'clock p. m. and continued from day to day between the same hours until completed, Fred L. Wenner, the undersigned treasurer of said county, pursuant to said advertisement, did offer separately for sale at public auction for cash at the office of the county treasurer in the courthouse in and for said county of Logan, where by law the taxes are made payable, and did then and there sell separately, **upon a tax sale certificate heretofore issued as aforesaid**, the following described real property for the amounts set opposite thereto, to wit:

(Purchaser) Price
"Lot 6 block 54,
Guthrie proper    E. E. Birch    $97.65
"Lot 7 block 54,
Guthrie proper    E. E. Birch    $115.60
"all in the city of Guthrie.

"He being the highest bidder therefor, and the said sum being the highest amount bid therefor. * * *"

The words underscored in the above quotation from the deed constitute the additional clauses not contained in the Hatchett deed, and it is apparently the contention of defendants that these words constitute an affirmative statement in the deed that only one certificate was issued for the two separate tracts of real estate, and that therefrom it must be necessarily inferred that the lots were not assessed and sold separately and that therefore the deed is void on its face. We are unable to concur in this conclusion. It is true that the wording of the deed indicates that only one certificate was issued for the two lots, and defendants rely on Weeks v. Merkle, 6 Okla. 714, 52 P. 929, as authority establishing the invalidity of this deed. As pointed out by this court in the case of Swan v. Kuehner, supra, there is a material distinction between tax deeds issued to holders of tax sale certificates, which are sometimes called "certificate tax deeds," and tax deeds which are issued pursuant to a resale of the property, which are sometimes called "resale tax deeds." The deed construed in the case of Weeks v. Merkle, supra, was of the class referred to as certificate tax deeds, and the deed involved in this case is a resale tax deed. Also, the statutes in force at this time are materially different from those sections of the statute under which the deed in Weeks v. Merkle, supra, was construed. The court therein quoted the 1893 Statutes, section 21, chapter 70, p. 1055, providing that:

"Whenever the county treasurer of any county shall bid off any real estate in the name of the county, he shall make out a certificate of purchase to said county, just as he is required to do if the sale had been made to any other person, but he shall retain the same in his office, until transferred, as provided in section 20."

This section was carried forward into Wilson's Revised and Annotated Statutes 1903 as section 121 (6033), was re-enacted in 1909 S. L., chapter 38, art. 9, sec. 19, at page 610, and was carried forward into Revised Laws of 1910 as section 7409. The section was amended by 1919 S. L., chapter 130, section 3, page 185, to read as follows:

"Section 7409. Whenever the county treasurer of any county shall bid off any real estate in the name of the county, he shall make a note of such bid and purchase upon his sales record, and if any real estate so purchased by the county shall remain unredeemed for a period of two years from date of sale, and no person shall offer to purchase the same for the taxes, penalty and costs due thereon, the county treasurer shall proceed to advertise and sell such real estate at public auction, as herein provided."

In this form the section was carried into Compiled Oklahoma Statutes of 1921, as section 9743. The section was again amended by S. L. of 1923, chapter 158, section 3, page 259, to read as follows:

"Section 9743. Whenever the county treas-

urer of any county shall make a note of such bid and purchase upon his sales record, and if any real estate so purchased by the county shall remain unredeemed for a period of two years from date of sale, and no person shall offer to purchase the same for the taxes, penalty and costs due thereon, the county treasurer shall proceed to sell such real estate at public auction, when same has been advertised as herein provided."

This provision was carried into the Oklahoma Statutes 1931 as section 12753, and is the section in force at all times during the proceedings leading up to the execution of the resale tax deed to Birch. Under this section the county treasurer is not required to issue a certificate of purchase to the county, and it necessarily follows that the reasoning of the court in the case of Weeks v. Merkle, supra, is not applicable to the law and the facts in this case. Without reference to the sections of the various statutes, it was noted in the case of Gaston v. Caruth, 116 Okla. 146, 243 P. 192, involving a certificate tax deed, that this change had been made in the law. Since no such certificate of purchase was required, there could not be any necessity for any mention of such a certificate in the resale tax deed, and the reference thereto was mere surplusage and would not justify a deduction that the lots were not separately assessed and sold. This brings us to the conclusion that there is no material difference between the deed here involved and the deed in the case of Hatchett v. Going, supra. In that case, Weeks v. Merkle, supra, and Kellar v. Hawk, 19 Okla. 407, 91 P. 778, were cited as against the validity of the deed, as in this case, and we there declined to follow the reasoning urged.

As a further reason why the resale tax deed should be held to be void on its face, defendants urge that the treasurer was without authority to sell the property in controversy at the time he did sell it, and that the property was not sold at public auction to the highest bidder. Defendants call attention to the fact that the deed was dated September 8, 1928, that the law provides that such resales shall be held on the third Monday in April of each year, and assert that the deed was issued a day or two after defendant bought the property. We have carefully examined the record and find that on direct examination the plaintiff merely identified and introduced his resale tax deed in evidence and made no further statement in regard to the tax sale procedure. On cross-examination, he testified as follows:

"Q. Who was present in the treasurer's office when you got the deed? A. I couldn't say about that. Q. Who did you get it from? A. Fred Wenner. Q. What was going on in the office at the time you bought it? A. I couldn't say about that. Q. Any people in the office outside of the people that worked in the office? A. I didn't see anybody. Q. There wasn't any of this sale going on there that day, was there? A. No, the sale was over, the deed wasn't issued for a day or two after the sale. Q. The auction sale took place in April? A. I don't know, I thought it was in September."

The rest of plaintiff's testimony is as to possession and other matters. and there is nothing else in the record, either in the way of oral testimony or documentary evidence, throwing light on the tax sale procedure. It is not clear that plaintiff's answers had reference to any date except the date the deed was delivered. We note from that part of the deed herein quoted that the deed recites the sale to have taken place on April 16, 1928, which was the third Monday in April of that year. The deed further recites that the real estate was sold at public auction and that E. E. Birch was the highest and best bidder for said lots.

All the records in the county treasurer's office and the county treasurer and his assistants were undoubtedly easily available at the time of the trial in the district court, and if the property was not sold at the resale on the date mentioned in the deed or on a date to which the sale had been legally adjourned from day to day, and the property was not sold at public auction to the highest and best bidder, those facts could have been easily and conclusively proved. No attempt was made to produce such evidence or to clarify the very indefinite statements of the plaintiff, apparently relied upon by the defendants. These indefinite statements are wholly inadequate to overcome the presumptions indulged in favor of the validity of the deed and that the proprty was sold for taxes, as stated in the deed. In the case of Wilson et al. v. Kirkpatrick et al.. 144 Okla. 44, 289 P. 306, wherein a resale tax deed substantially the same as the deed here involved was under consideration, this court laid down this rule:

"Section 9750, C. O. S. 1921, known as the presumptive evidence statute, applies to resale tax deeds, and when such deeds contain the things required by chapter 158, sec. 6, S. L. 1923 (amending section 9746, C. O. S. 1921), and a recital of notice as required by section 4 of said amendment (amending section 9744, C. O. S. 1921), together with the recitals contained in the former statute (sec-

tion 9752, C. O. S. 1921), in so far as the same is applicable to resale tax deeds, then the resale tax deed is valid on its face, and in the absence of a showing in the record sufficient to rebut the presumption created in favor of the deed by section 9750, C. O. S. 1921, the deed will not be set aside."

One of the presumptions expressly provided in section 9750, C. O. S. 1921 (12760, O. S. 1931), is, "that the property was sold for taxes, as stated in the deed." The same section further provides that, "to defeat the deed it must be clearly pleaded and clearly proven that some one of the above named six requisites was wholly omitted and not done."

The record discloses no evidence clearly proving the omission of any of the requisites mentioned in the statute, and under the former decisions of this court we are of the opinion that the resale tax deed is valid on its face, following Hatchett v. Going, supra, and Wilson v. Kirkpatrick, supra.

The defendants next urge that the trial court erred in not finding that plaintiffs in error (defendants below) and their grantors had been in actual and exclusive possession of the real estate involved in this action for more than fifteen years prior to the bringing of this action. In view of our conclusions heretofore expressed as to the validity of the resale tax deed, it would be wholly immaterial as to whether defendants and their grantors had acquired title by prescription or not, for, regardless of the nature of their title, they would nevertheless be divested thereof by a valid resale tax deed. Defendants urge further that the trial court erred in finding that defendant in error (plaintiff below) had been at any time in legal possession of said real property. That, also, is immaterial, so far as the limitation question is concerned, in view of our holding that the statute of limitation had not run against his action to obtain possession under his resale tax deed.

This disposes of the matters raised by plaintiffs in error in their brief, but in disposing of this appeal we are confronted by two difficulties disclosed by the record of this case before us:

First. All that part of the judgment rendered by the trial court quieting title in plaintiff, canceling deeds or documents in defendants' chain of title, and removing clouds from the title is entirely outside the issues in the case presented by the pleadings, was not submitted to the court for determi-

nation, and is a nullity. Plaintiff's petition was purely an action in ejectment and no judgment could be rendered in his favor except for possession, damages and costs, in accordance with the issues tendered by the petition.

Second. The judgment rendered by the trial court does not conform to and is not supported by the findings of the court as to the facts.

There is no allegation in plaintiff's petition that defendants claim any estate or interest in the lot described, adverse to the plaintiff, or that there are any clouds on the title or any other fact that would sustain a judgment quieting title. The only allegation as to defendants is that they "unlawfully entered upon said premises on or about the 5th day of July, 1929," have unlawfully kept plaintiff out of possession since, and have used the premises for their own benefit during said time. From the petition it would appear that it was plaintiff's theory that the defendants were mere trespassers, making no claim to any right, title, or interest in or to the property. The answer was a general denial, an attack on the validity of the resale tax deed attached to plaintiff's petition, with a prayer that plaintiff take nothing and that the action be dismissed. No affirmative relief was asked. Plaintiff's reply contains no new matter except an allegation that plaintiff had been in possession of the lot from September 8, 1928, to the 5th day of July, 1929, when defendants wrongfully entered into possession. These pleadings make up the only issues in the case.

The substance of the journal entry of judgment signed by the trial judge is set out in the statement of facts herein, and we here copy verbatim only that part following the findings of fact and constituting the judgment proper:

"It is therefore ordered, adjudged, and decreed by the court that the title and possession of said plaintiff in and to said premises be, and the same is hereby, forever settled and quieted in the said plaintiff, as against all claims or demands by the said defendants and those claiming or to claim under them, or any of them; and that all deeds or documents in the chain of title claimed by the said defendants, and each of them, be, and the same are hereby, canceled, and removed as clouds on the title of the plaintiff, E. E. Birch, in and to the said above described premises.

"And it is further ordered, adjudged, and

decreed that the said defendants, C. C. Winters and Lee Winters, and those claiming therein, by or under them, or either of them, be, and they are hereby, perpetually enjoined or forbidden to claim any right, title or estate in or to said premises, hostile or adverse to the possession or title of the plaintiff herein; and the said defendants, C. C. Winters and Lee Winters, and those claiming under them, or any of them, are hereby perpetually forbidden and enjoined from commencing any suit to disturb the said plaintiff in his said possession and title to said premises, from setting up any claim or interest adverse to the title of the plaintiff herein, and from disturbing plaintiff in his peaceable and quiet enjoyment of said described premises. And the said defendants, C. C. Winters and Lee Winters, are hereby ordered to immediately remove from said premises, and are hereby enjoined from reentering said premises. And it is further adjudged that the plaintiff do have and recover of and from the said defendants, and each of them, the costs of this action.

"Freeman E. Miller,
"Judge of the District Court."

This court has held in a long and unbroken line of decisions, beginning with Anglea v. McMaster et al., 17 Okla. 501, 87 P. 660, and extending to State ex rel. v. Moore, 167 Okla. 28, 27 P. (2d) 1048, that:

"A judgment which is entirely outside of the issues in the case and upon a matter not submitted to the court for its determination is a nullity, and may be vacated and set aside at any time on motion of a party or any person affected thereby."

Other cases to the same effect are as follows: Rogers v. Bass & Harbour Co., 47 Okla. 786, 150 P. 706; Standard Savings & Loan Ass'n v. Anthony Wholesale Gro. Co., 62 Okla. 242, 162 P. 451; Champion v. Oklahoma City Land & Development Co., 61 Okla. 135, 159 P. 854; Id., 61 Okla. 133, 156 P. 342; Paulsen et al. v. Western Electric Co., 67 Okla. 309, 171 P. 38; LeClair v. Calls Him, 106 Okla. 247, 233 P. 1087; Nero v. Brooks et al., 116 Okla. 279, 244 P. 588; Henson v. Oklahoma State Bank, 165 Okla. 1, 23 P. (2d) 709; Holshouser v. Holshouser, 166 Okla. 45, 26 P. (2d) 189. As suggested in some of these cases, we might modify the judgment to eliminate the part of the judgment erroneously entered, but we are confronted with the second difficulty, viz., that the judgment does not conform to and is not supported by the court's findings of fact. In the journal entry of judgment the trial court finds:

"* * * That the said plaintiff at this time is in the actual, open, notorious and adverse

possession of said premises, that he has been in the actual, open, notorious and adverse possession of the premises continuously and without interruption from the 11th day of September, 1928, until the present time. That the said defendants claim joint possession of said premises with the said plaintiff, but that such claim of the said defendants was in no way adverse to the said plaintiff's claim for possession, and the said claim of the said defendants was without color of any title whatsoever."

If these facts are true, then the plaintiff is not entitled to a judgment against defendants for possession, because plaintiff already has possession, "actual, open, notorious and adverse," and "without interruption from the 11th day of September, 1928," and he could not even have judgment for costs against defendants, because, under this statement of facts, the action would have been wrongfully brought and defendants would have been entitled to judgment for costs.

"In an action of ejectment the plaintiff must show that the defendant unlawfully and without right keeps the plaintiff out of possession, before the plaintiff can recover in the action." Hurst v. Sawyer, 2 Okla. 470, 37 P. 817.

"Under our practice, in an ejectment action, it is necessary to allege and prove: (1) Title of plaintiff; (2) present right of possession in plaintiff; (3) wrongful possession of defendant." Gentry et al. v. McCurry et al., 134 Okla. 182, 273 P. 222.

It is well settled by the decisions of this court that in actions for the recovery of real estate, tried to the court without a jury, the findings of the court upon disputed questions of fact will be given the same weight and effect as the verdict of the jury. Gray v. McKnight, 75 Okla. 268, 183 P. 489; Frank v. Harjo, 142 Okla. 157, 286 P. 14; Simmons v. Jacobs, 113 Okla. 278, 241 P. 768; Likowski v. Catlett, 130 Okla. 71, 265 P. 117; Adams v. Hoskins, 126 Okla. 57, 259 P. 136.

This court held in the case of Smith et al. v. Eagle Mfg. Co., 25 Okla. 404, 108 P. 626, that:

"In a trial by jury the judgment must be supported by the verdict, and a judgment which goes beyond the verdict is erroneous."

And in the case of St. Louis & S. F. R. Co. et al. v. Williams, 55 Okla. 682, 155 P. 249, it was held to be error for the trial court to disregard the verdict in entering judgment.

The District Court of Appeals, 1st District, Division 1, California, 12 P. (2d) 479, in

Nestor v. Burr, in the body of the opinion, stated:

"It is fundamental that a judgment entered upon the decision of the trial court must be supported by and conform to the findings."

And the Supreme Court of Kansas, in the case of Lawson v. Lawrence Oil & Gas Co., 12 P. (2d) 711, modified the judgment of the trial court to make it conform to the controlling findings of fact. This court, however, will not modify the findings of fact in a law case such as this, as to do so would invade the province of the trial court. The courts of other states seem to have reached the same conclusion under similar circumstances. In a well-considered opinion by the Chief Justice of the Supreme Court of Utah, that court in the case of Stookey v. Mackay, 128 P. 580, very aptly said:

"We are clearly of the opinion that the finding upon the issue presented by the counterclaim in question should be made by the trial court, and not by this court. The cause of action set up in the counterclaim in question is an action at law, pure and simple; and hence this court cannot pass upon the weight or effect that should be given to the evidence produced, either in favor of or in opposition thereto. To make findings in law actions tried to the court without the intervention of a jury is the province of the district court as the trier of fact. All we have power to do in law actions is to determine whether there is any substantial evidence in support of the findings or judgment."

Another case in point is the case of Commercial Credit Co. v. Nissen, 49 S. D. 303, 207 N. W. 61, 51 A. L. R. 287, and the additional opinion of the court in the same case on rehearing, reported in 213 N. W. 943. Both the original and the additional opinion are reported together in 51 A. L. R. 287. In the additional opinion, beginning at page 293, the court said:

"In the absence of a finding of fact of those questions this court should not have found as a fact that plaintiff was a holder in due course and should not have directed the entry of judgment for plaintiff. In this case this court cannot make findings of fact nor can it direct the trial court to make a particular finding of fact. Its jurisdiction is strictly appellate. Somers v. Somers, 34 S. D. 594, 149 N. W. 558."

A like conclusion was reached by the Supreme Court of Washington in Eatonville State Bank v. Marshall, 17 P. (2d) 14, and by the Supreme Court of Utah, in the case of Utah Ass'n of Credit Men v. Home Fire Ins. Co., 102 P. 631, wherein the court said:

"We are of course at liberty to look into the evidence to ascertain whether a finding of fact is or is not supported by evidence, but we are not at liberty in a law case to look into the evidence to make a finding nor to treat as found that which might have been found."

By reason of the conclusions herein reached, the judgment of the trial court is reversed and the cause remanded, with directions to take such further proceedings as to it may seem proper and not inconsistent with the view herein expressed.

RILEY, C. J., and McNEILL, BAYLESS, BUSBY, and WELCH, JJ., concur.