DUSBABEK v. BOARD OF COM'RS OF BLAINE COUNTY.

No. 29711. Feb. 4, 1941.

Rehearing Denied April 1, 1941.

*111 P. 2d 1071.*

· Falkenstine & Fisher and I. H. Lookabaugh, all of Watonga, for plaintiff in error.

Nelson Crow, County Atty., of Blaine County, of Watonga, for defendant in error.

DAVISON, J. This appeal concerns an action of ejectment wherein the defendant in error, as plaintiff, recovered a judgment in accord with the verdict of a jury for its costs and possession of a city lot from the plaintiff in error, as defendant.

Both parties will hereinafter be referred to as they were designated in the trial court.

In the first two propositions of the defendant's brief, it is asserted that the trial court erred in submitting the cause to the jury on account of the alleged insufficiency of the evidence to establish the defendant's wrongful possession of the property. To demonstrate the necessity of such proof, our attention is directed to section 593, O. S. 1931 (12 Okla. St. Ann. § 1143), as well as the cases of Winters v. Birch, 169 Okla. 237, 36 P. 2d 907, and Gentry et al. v. McCurry et al., 134 Okla. 182, 273 P. 222. These authorities are in accord with the general rule that such proof is necessary in an action of ejectment, but that rule is not applicable to the present case. Here, the issues were joined by defendant's answer to plaintiff's amended petition. The latter contained the customary allegations of plaintiff's title or ownership, and its right to immediate possession, as well as the assertion that the defendant was unlawfully withholding possession of the property. The answer contained a specific denial of the latter allegation, but it also contained a denial of "each and every" allegation of the amended petition. The latter or general denial was, of course, a denial of plaintiff's title or ownership along with the other allegations of the amended petition; and constituted an admission of the defendant's possession. See section 593, O. S. 1931, supra; Gentry et al. v. McCurry et al., supra. Defendant's possession being an admitted fact according to the pleadings, proof thereof was unnecessary. As the defendant does not here challenge the proof as to plaintiff's title or right to possession, the foregoing conclusion is decisive of the defendant's propositions dealing with the trial court's alleged error in overruling his demurrer to the evidence and motion for a directed verdict.

The only other alleged error complained of is the court's refusal to allow defendant's counsel to introduce into the evidence of the case a deed by which the defendant and his wife purported to convey the premises to their son in the year 1928. The theory on which this is said to have been competent evidence is that it would have tended to show that defendant had not been in possession of the property since the year named. In view of our demonstration that the defendant's possession was not a disputed issue in the case, it is manifest that the trial court committed no error in the ruling complained of.

As we have found no merit in either of the alleged errors urged for a reversal of the trial court's judgment, the same is hereby affirmed.

CORN, V. C. J., and OSBORN, GIBSON, and HURST, JJ., concur.