**FLAG OIL CORPORATION OF DELA-WARE and Panhandle Co-Operative Royalty Company, Plaintiffs In Error,**

v.

**Ewing W. PHELPS, Defendant In Error.**

No. 36935.

Supreme Court of Oklahoma.

June 5, 1956.

Howell & Smith, Oklahoma City, for Flag Oil Corp. of Delaware.

V. E. Stinchcomb, Oklahoma City, for Panhandle Co-Op. Royalty Co.

King & Foster, Guymon, for defendant in error.

WILLIAMS, Vice Chief Justice.

This action was brought by Ewing W. Phelps, hereinafter referred to as plaintiff, against Flag Oil Corporation of Delaware and Panhandle Co-Operative Royalty Company, hereinafter referred to as defendants, and others not involved in this appeal, to quiet title to a certain tract of land situated in Texas County, Oklahoma. Defendants each filed an answer and cross-petition asserting an undivided interest in the minerals in and under the land involved and seeking to quiet title to such interest. The trial court rendered judgment for plaintiff quieting his title to the property involved as against defendants, and defendants appeal.

The facts are not in dispute. The property in question was sold at tax resale on May 17, 1941, to Texas County, and a resale tax deed executed, delivered and recorded accordingly. No question is raised in this case as to the validity of such tax resale or the resale tax deed issued pursuant thereto. At the time of such tax resale the entire tract was owned by one Charley R. Moore, with the exception of a

458

⅛th mineral interest which was owned by defendant Flag Oil Corporation and a ⅜ths mineral interest which was owned by defendant Panhandle Co-Operative Royalty Company. On May 15, 1942, approximately one year after the tax resale, Charley R. Moore executed and delivered to plaintiff a quitclaim deed covering the property here involved, which deed was not recorded however, until March 3, 1943. On March 1, 1943, plaintiff purchased the property from Texas County and a county deed conveying the same was duly executed and delivered to him by the chairman of the Board of County Commissioners. Upon receipt of such county deed and recordation thereof, plaintiff immediately entered into possession of the property thereby conveyed and has ever since remained in the possession thereof. There has never been any production of oil or gas from the premises involved, but plaintiff has sold an oil and gas lease covering the same and has collected and retained all the bonus and delay rental payable thereunder.

■ Defendants contend, as their only proposition of error, that the court erred in rendering judgment for plaintiff and against defendants because one who is under a moral or legal obligation to pay the taxes on land may not obtain title from a sale of the land for taxes so as to defeat the interest of his co-tenant and if such person permits the property to be sold for taxes and buys it in either in person or indirectly through the agency of another, he does not thereby acquire any interest or title in the property antagonistic to his co-tenants or other persons interested in the property with him, but his purchase is deemed one mode of paying taxes. The basic premise of defendants' contention is a correct statement of the rule of law prevailing in this jurisdiction. See Burnett v. Cole, 193 Okl. 25, 140 P.2d 1012; Curry v. Frerichs, 194 Okl. 230, 149 P.2d 95; Pierce v. McGinley, Okl., 274 P.2d 59. We fail to see, however, wherein such proposition is applicable to the case at bar.

■ Plaintiff and defendants were never co-tenants in the property here involved and plaintiff was never under any obligation, either legal or moral, to pay the taxes for which such property was sold at tax resale in 1941. At the time of such resale, defendants and Charley R. Moore were co-tenants in the property and Charley R. Moore, as the owner of the fee, was under obligation to pay the taxes due thereon. The taxes were not paid, however, and the property was sold at Tax Resale to Texas County. Such resale, if valid, effected the cancellation and setting aside of all delinquent taxes existing against the property, divested both Charley R. Moore and defendants of any right, title or interest in or to said property and vested in Texas County a new and independent fee-simple title thereto. 68 O.S.1951 § 432f; Shnier v. Vahlberg, 188 Okl. 471, 110 P.2d 593; Monsour v. Vahlberg, 188 Okl. 476, 110 P.2d 595. As already indicated, no contention is made that such resale was invalid in any way. The resale deed appears in the record and no defects appear upon the face of it. The presumption is that such resale deed was valid and effective. 68 O.S.1951 § 432h; Wilson v. Kirkpatrick, 144 Okl. 44, 289 P. 306. Such being the case, the execution and delivery of a quitclaim deed from Charley R. Moore to plaintiff, approximately a year after the resale to Texas County, did not serve to make plaintiff and defendants co-tenants or to place any duty on plaintiff to pay the taxes for which the property had been sold at resale, since both defendants and Charley R. Moore had already been divested of their title and interest and such taxes had been extinguished and were no longer due and owing.

■ No contention is made that Charley R. Moore or anyone in his behalf has ever reacquired any right, title or interest in the property in question, nor is it contended or shown that there was any fraud or collusion involved here. Such being the case, the rule contended for by defendants is not applicable.

We find no error in the judgment of the trial court, and it is therefore affirmed.

JOHNSON, C. J., and CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.

HUNT, J., dissents.