## MAY BUTT v. J. U. CARSON.

1. AMENDMENT—*Statute of Limitations.* The statute of limitations may be interposed against an amendment to a cause of action, where such amendment sets up an entirely new cause wholly outside of and independent of that previously set forth in the petition, such amendment being in effect a new cause of action.

2. CONTINUANCE—*Not Allowable.* After a case has been called for trial and both parties have announced themselves ready, and evidence has been introduced both for and against the issues as joined in the pleadings, an application for a continuance which is offered for the purpose of sending to another county to procure a witness should not ordinarily be regarded.

*Appeal from the District Court of Pottawatomie County.*

*J. L. Brown*, for appellant.

*J. H. Woods*, for appellee.

The opinion of the court was delivered by

DALE, C. J.:   This case comes up on the appeal of May Butt from the adverse judgment of the district court of Pattawatomie county, upon a petition for rehearing in the case of· *J. U. Carson v. May Butt.* This is the second appeal in this case to this court the former (decision published 4 Oklahoma Rep. 133) being decided adversely to the appellant, and the case is now brought up for alleged errors in the judgment of the trial court in sustaining the referee in his rulings in refusing an amendment to the petition for a rehearing and in not continuing the hearing in order that appellant might send to another county for a witness.

From the record before us it appears that on May 8, 1894, the district court of Pottawatomie county rendered a judgment in favor of J. U. Carson against May Butt, directing a conveyance by the latter of a certain lot situated in the town of Tecumseh, in Pottawatomie county. On May 8, 1895, May Butt filed her petition for a new trial on the ground of newly discovered evidence, and in such petition alleged, in substance, that Carson was not the owner of the lot in dispute at the time he instituted his action against her, and that he had previously, by deed, conveyed the same to Adams & Son, and that he,

11 —v.

not being the party in interest, could not maintain the action. This petition alleged and showed diligence in attempting to discover the evidence in time to be used at the trial theretofore had, was supported by affidavits, and was by consent referred for a hearing to one J. P. Allen, referee. In due time evidence was submitted before the referee, and the case closed, but on the same day on which the case was so closed and before the referee announced his decision, the attorney for May Butt offered an amendment to his petition for a new trial, which was by the referee rejected; to which ruling an exception was saved. The district affirmed the ruling of the referee and the refusal to permit the amendment is one of the principal grounds alleged for reversal. The amendment stated, in effect, that Carson was disqualified to enter the lot in controversy by reason of the fact that he had entered into an agreement with one D. C. Lewis, whereby it was agreed that Lewis should, prior to the opening of the townsite of Tecumseh to settlement, conceal himself upon such townsite, and when the signal was given opening the same to settlement, Lewis was to immediately select the most valuable corner, stake the same and surrender the corner to Carson as soon as Carson could arrive upon the lots; that thereafter Carson should sell the lots thus procured and the proceeds thereof were to be divided equally between them. It is claimed in the amendment offered that this agreement was carried out, and the lot in dispute procured by Carson by reason of such agreement. The amendment also stated that the arrangement between Carson and Lewis was unknown to Miss Butt until that time, and further showed how the information was obtained. Affidavits in support of the statements contained in the amendment were offered. Under the provision

of our code the amendment was of that character which ordinarily are allowed.

It will be observed that the facts sought to be stated in the amendment state a cause of defense wholly outside and independent of those previously set up. In the petition for a new trial the only ground therein alleged was that of inability upon the part of Carson to maintain the original action by reason of not being the real party in interest, while the amendment charges him with fraud in making his settlement upon the lot and disqualification to acquire title by reason of having, through his agent, violated that provision of the law of congress which provided that "untill the lands are opened to settlement, no person shall be permitted to enter upon and occupy the same." (U. S. Statutes-at-Large, 26 vol. p. 759.) Thus it will be seen that the amendment offered was in no sense an amendment to the original cause of defense but set up a cause wholly distinct and independent of that originally stated, and one which should be, under our code, separately stated and numbered.

While the record does not affirmatively show that the amendment was refused because of the limitation in our statute (§ 322, p. 815, Laws of 1893), yet the argument in the brief of counsel for appellant proceed upon that theory, and we shall discuss it from that standpoint. Section 322, *supra*, provides the manner and time of filing a petition for new trial on the grounds of newly discovered evidence, and it will be found that such petition must be filed within one year after the final judgment has been rendered. In the case under consideration the petition for a new trial was filed upon May 8, 1895, the last day permitted. The amendment sought to be incorporated in such petition was not offered until January 3, 1896,

long subsequent to the time within which a petition for a new trial can be filed. It is contented that because the original petition was filed within the statutory period, the amendment could not be affected by the one year limitation in our statute. No authorities are cited by counsel in support of or against the contention; indeed, counsel for appellant state that after a careful investigation he has been unable to find any decisions in point; neither has our examination of the subject—which has been limited to the libraries of this city—been very productive of results, but we have, however, found many cases which we think bear upon the question we are here considering. We find that the statute of limitations will run in favor of a party who, although he may be a necessary party to the final determination of the action, is not brought in until subsequent to the date upon which the statute of limitations begin to operate in his favor. Thus where a suit is instituted against several parties as co-defendants and summons is not served upon one of them, it has been held that it was too late to bring him in if subsequent to the institution of the suit and before service of summons the statute of limitations has run in his favor. (*Miller v. McIntyre*, 6 Pet. 61; *Tompkins v. Holt*, 8 So. Rep. 794).

And in *Judson, Assignee, v. Conner Co.*, 25 Fed Rep. 705, it would appear that an amendment was refused which stated a new cause of action because in that case it was held that the statute of limitations operated in his favor as against such amendment by reason of the fact that it stated a new cause of action. We can see no good reason for not making the rule applicable alike to the cause of action as well as to the party. Under our code and the decisions of this court amendments are very

favorably regarded. (*Mulhall v. Mulhall*, 3 Okla. 254; *ibid*, 3 Okla. 304). But amendments to a cause of action, generally speaking, only go to enlarge or expand the cause already stated in a petition, and it is this class of amendments to which § 139, p. 703 of our code refers, and said section expressly prohibits an allowance of an amendment which does change substantially the claim or defense, and where an amendment which so changes the cause of action or the defense as to, in effect, set up a new cause of action or defense, it can only be filed by leave of court first had. Where they are allowed by the court, in all cases time is given to the adverse party to plead and prepare to meet such new matter as may be offered by way of amendment.

The amendment we are here considering · being an entirely new defense wholly outside of and independent of that previously set forth in the petition for a new trial, is in effect a new cause of action, one which may have been brought if incorporated within the petition for a new trial within a year from the date of the final judgment and not thereafter, and if we should permit the party, by way of amendment, to allege the defence sought, we would in effect hold that the grounds for a new trial by reason of newly discovered evidence may, under some circumstances, be allowed after the expiration of one year, thus in an indirect manner setting aside the provisions of the statute. We conclude, therefore, that the statute of limitations operates to the same extent against new causes of action by way of amendment as if the same were so presented in an original petition.

The other ground for a reversal grows out of the fact that the referee refused to continue the case to enable Miss Butt to send to an adjoining county for witnesses. It is claimed that she was prejudiced by the testimony of

Carson upon one feature of the case and could not have anticipated such testimony, and that she should have been granted a continuance as above stated. The referee held that the testimony for which the continuance was asked was immaterial, and for that reason refused the continuance. It is well settled that, after a case has been called for trial, both parties have announced themselves ready, and evidence has been introduced both for and against the issues as joined in the pleadings, an application for a continuance will not be regarded with much favor by a court. In the case under consideration the burden of proving the fact sought to be established was upon the petitioner for a new trial. The court had a right to presume when petitioner announced herself ready for trial that she was prepared to establish the issue raised by her in the pleadings, or in any event that all of the evidence supporting such issue which she could procure was at her command. She had assumed the burden of establishing the fact that her adversary had parted, by deed, with the title to the lot in controversy prior to the beginning of the original action, and all of the evidence which tended to established such fact should have been ready for that purpose at that time. The claim of counsel that Carson did not testify as she supposed he would is not an unusual circumstance, and we think that no person should be permitted to continue a case because their adversary testifies to a state of facts different from that which it was supposed such adversary would, and whether the matter may have been material or not, we are of the opinion that no reversible error was committed by the referee because of his refusal to continue the case in order that the plaintiff, at whose instance the hearing was had and upon whom the burden rested, desired to send to an adjoining county for a witness.

For the reasons above stated we are of the opinion that the cause should be affirmed, and it is so ordered.

All the Justices concurring.