### MANN v. WILSON, Rec., et al.

No. 16254—Opinion Filed May 4, 1926.

**1. Limitation of Actions—Effect of Amendment Setting Up New Cause of Action.**

The statute of limitations may be interposed against an amendment to a cause of action, where such amendment sets up an entirely new cause wholly outside of and independent of that previously set forth in the petition, such amendment being in effect a new cause of action.

**2. New Trial—Amendments Allowable After Expiration of Time.**

A motion for a new trial may be amended after the three days allowed by statute for filing the same, by a clearer, more appropriate statement or elaboration of the grounds contained therein; but such an amendment, filed after the statutory time has passed, cannot set up new and independent grounds therefor.

**3. New Trial—Newly Discovered Evidence —Requisites.**

A rule of wide recognition regarding the granting of new trials on the ground of "newly discovered evidence" exacts that the evidence fulfill the following requirements: (1) It must be such as will probably change the result if a new trial be granted; (2) it must have been discovered since the trial; (3) it must be such as could not have been discovered before the trial by the exercise of due diligence; (4) it must be material to the issues; (5) it must not be merely cumulative to the former evidence, and (6) it must not be merely to impeach or contradict the former evidence.

**4. New Trial—Time for Application.**

Under section 576, Comp. Stats. 1921, an application for a new trial must be instituted within one year from the date of the final judgment.

**5. Same—Verification.**

Such application, when made, should be verified.

**6. Appeal and Error—Review of Grant of New Trial.**

Where the trial court ordered a new trial and misapplies or mistakes a legal proposition, such ruling will be reviewed with the same freedom as if made at any other stage of the trial.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Kay County; Claude Duval, Judge.

Action by W. K. Mann against E. E. Wilson, receiver of the Junction Oil & Gas Company (Walter Franks, successor of E. E. Wilson, receiver), and A. N. Woods. Petition to set aside a judgment and grant a new trial after the expiration of the term of court during which the judgment was rendered. Judgment for petitioner, and plaintiff in the original action brings error. Reversed, with instructions.

J. Q. Louthan, Grover C. Jacobsen, W. L. Cunningham, and D. Arthur Walker, for plaintiff in error.

G. A. Chappell, for defendants in error.

Opinion by THOMPSON, C. This is an appeal from a judgment of the district court of Kay county, Okla., setting aside a former judgment in this cause and granting a new trial on petition of E. E. Wilson, receiver for the Junction Oil & Gas Company, a corporation (Walter Franks successor of E. E. Wilson, receiver), and A. H. Woods, defendants in error, defendants in the original action, against W. K. Mann, plaintiff in error, plaintiff in the original action, he having obtained said original judgment in the trial of the cause.

The plaintiff in error, W. K. Mann, will be referred to in this opinion as plaintiff, and the defendants in error as defendants, as they appeared in the original action.

On the 5th day of April, 1921, the plaintiff filed his action against the defendants to recover the sum of $15,740, claimed to be due upon written contract with defendants to drill an oil well for them. The written contract was attached to the petition and made a part thereof as though set out at length therein. The contract was in the usual form as to what the plaintiff was to furnish in drilling the well, and what the defendants were to furnish, and the full amount to be paid to the plaintiff, as designated in the contract, was $16,575. Among other things in the written contract appears the following:

"The well shall be considered completed should the work be stopped at the order of the party of the second part."

The original petition avers that, after the plaintiff had drilled the well down something over 1,300 feet, the defendants failed to furnish the necessary casing and pipe for use in drilling said well, and that, on February 9, 1921, the defendant, the Junction Oil & Gas Company, through its said receiver and agent, E. E. Wilson, directed that the work be stopped, and it was claimed in the plaintiff's petition that because of the contract and order so given, so far as he was concerned, the contract was fully performed, and that he was entitled to the sum of $16,575, less certain payments that had been paid to him.

Upon examination of the written contract, which was referred to in the petition, a part of which is heretofore quoted, the further clause is found:

"It is further understood and agreed that this contract supersedes and takes the place of a certain contract, heretofore, to wit, on the 6th day of February, 1919, between the party of the second part and W. K. Mann; * * * that, under said contract a well has been drilled to the depth of about 2,600 feet, and that the casing has been placed therein."

And then proceeds to provide that the defendants should pull said casing at their expense and move the rig, drilled under the contract of February 6, 1919.

A demurrer to the petition was filed by the defendants and was overruled on July 20, 1921, and on July 23rd, separate demurrers were filed by the defendants. On August 8th, answer was filed by the defendants, and the separate demurrers were then overruled, and a second answer was filed on December 22nd, in which answer the defendants denied generally the allegations of the petition, and pleaded payment for all services, work, and labor done by plaintiff on the contract, and that the claim of plaintiff had been fully satisfied.

On the 1st day of March, 1923, being a continuance of the December, 1922, term of district court of Kay county, the cause came on for trial before the court, a jury having been specially waived, and the following stipulation was entered into by the parties in open court:

"The defendants admit that the contract for drilling an oil and gas well as sued upon in this case was duly and properly executed between the plaintiff and the Junction Oil & Gas Company, and that the plaintiff has under said contract proceeded to and did start a well, and that he, drilled as under the terms of this contract to a depth of 1,365 feet, at which time the Junction Oil & Gas Company went into the hands of a receiver, and that the district court of Kay county, Okla., appointed E. E. Wilson of Blackwell, Okla., as receiver for the Junction Oil & Gas Company, who duly qualified as such receiver and immediately ordered the plaintiff in this case to cease further operations on said well.

"The defendants further admit that the Junction Oil & Gas Company and the receiver, E. E. Wilson, representing the same, did not furnish any casing for the continuation of the operation of said well as required under the terms of the contract, and that the plaintiff in this case drilled no further than 1,365 feet, and the defendants further admit that there has been no payment to the plaintiff by the Junction Oil & Gas Company or the receiver thereof, as per the terms of this contract; that the order of the said receiver was the only cause for the work of the plaintiff performing the terms of the contract ceasing.

"It is further agreed that a trial of the said cause by jury is hereby waived, and that said cause may be tried to the court."

The same attorney represented the defendants at the trial and in all subsequent proceedings.

The testimony of the plaintiff, W. K. Mann, was taken, being the only testimony presented to the court at the trial, in which he testified, in substance, that the first well of 2,600 feet was drilled, under contract of February 6, 1919, out of which the contract sued upon originated; that he had drilled on two wells, and that he had expended about $25,000; that on the present well he had spent about 15 days drilling the same at a cost of $50 per day, but that he had expended large amounts for material, preparing to drill the well, rigging up and purchasing lines to drill the well sued upon, and that it would have cost about $2,500 more to complete the well, had he been allowed to proceed.

At the close of all the evidence, the court took the case under advisement, and on March 7, 1923, rendered its judgment in favor of the plaintiff and against the defendants in the sum of $13,200, with interest thereon at the rate of six per cent. per annum from the 9th day of February, 1921, and for costs. No exception was reserved by defendants, and no motion for new trial was filed.

The term of court at which the judgment was rendered expired, and on the 5th day of June, 1923, thereafter, the defendants filed motion to modify the judgment, in which it is recited that the receiver, E. E. Wilson, ordered the drilling to cease because of lack of funds, and that he, acting as an officer of the court, had the right to stop the drilling, and that the judgment, under the evidence, showed that the plaintiff was entitled to a judgment in the amount of $8,-000, signed by G. A. Chappell, attorney for defendants. This motion was overruled on the 12th day of November, 1923, and, on the 10th day of December, 1923, the defendants filed a petition for a 'new trial, in which, among other things, it is said that the defendants, on the 4th day of December, 1923, learned, for the first time, that there was a former contract other than the one sued upon, and sets out specifically in said petition that when the plaintiff had reached a depth of 1,453 feet in the well drilled, under the contract sued upon, the receiver, E. E. Wilson, "acting on the instruction of the court, instructed the said W. K. Mann to cease drilling for the reason that there were

no funds in the hands of the receiver with which to pay for further drilling, and for the further reason that the receiver was unable because of the lack of funds to furnish said plaintiff with the said casing necessary to complete the said contract." It is also set out in the petition that these facts could be proven by certain witnesses, naming them, but said list did not include the name of E. E. Wilson, the receiver. This petition was not verified, nor was it accompanied by affidavits of the witnesses as to the facts that they would testify to, and no excuse was given for not attaching such affidavits. Summons was issued upon the filing of the said last above petition, duly served upon the plaintiff. and one of his attorneys, and the plaintiff filed an answer, in which he denied generally the allegations of said petition, admitting that he had obtained the judgment, and alleged that no exceptions were taken to the judgment, no appeal perfected, no motion for new trial filed, and that his judgment had become final; that the defendants had full knowledge that there was a former contract existing, for in the contract he recovered upon, a copy of which was attached to his petition, it was recited that said contract superseded and took the place of the contract of February 6. 1919; that it was admitted in the stipulation of the parties at the trial that the contract sued on was properly executed, and that he had proceeded to drill the well 1.365 feet as agreed upon and that at the trial the plaintiff fully testified as to the prior contract, and that they claimed no surprise or inability to meet the evidence, and made no effort to obtain the same, and that the said former contract was wholly immaterial in the trial of this case and had no bearing on the case, for the reason that the same was superseded by the contract sued upon herein. This answer was filed on the 14th day of January, 1924. The cause then proceeded to trial upon the petition of plaintiff, heretofore set out. on the 2nd day of October, 1924. nearly 19 months after the judgment had been rendered, and for the first time it developed that the defendants would attempt to repudiate the agreed statement of facts, the solemn averments of the motion to modify the judgment and the allegations of their petition for new trial, last above referred to, and contend that no order for cessation of drilling was given the plaintiff by the receiver, and offered to amend their petition to the effect that no such order was ever given, thus changing the entire theory of the defendants and setting up an entirely

new defense in face of the solemn admissions, heretofore made in the stipulation, and in their solemn pleadings heretofore referred to. This amendment was allowed by the court over the objection and exception of the plaintiff. Evidence was offered by way of deposition of E. E. Wilson, receiver, taken in May, 1924, that he told the plaintiff, in effect, that he had no funds with which to pay him and could obtain none, and had no casing, and left it optional with the plaintiff whether he proceed or not. This evidence was objected to on part of the plaintiff and exception reserved to its admission. The former contract, claimed to be in existence by the defendants, was introduced in evidence, dated the 6th day of February, 1919, which was the same contract referred to in the second contract, and which was superseded by the very terms of the contract upon which this judgment was rendered.

At the close of the evidence on part of the defendants, the plaintiff demurred, which demurrer was overruled and exception reserved thereto.

There is other testimony, which is immaterial to a decision of this case.

The court, in passing upon the case, reviewed the proceedings at the trial, in which the judgment was rendered, and said that, "if this suit were one between two ordinary parties, I don't believe I would be justified, from the condition of the record and the evidence offered, in granting a new trial," but granted it upon the theory that an officer of the court was being sued and that the trial had not been conducted and the case presented, as should have been done, and that he was not passing upon the facts as to whether the newly discovered evidence might probably result in a different verdict, and absolved the parties to the action from any wrongdoing, and found that the fault lay with the court's receiver, and said that was a strange ground upon which to allow a new trial, but proceeded to grant a new trial, setting the former judgment aside, to which the plaintiff objected and excepted and filed his motion for new trial, which was heard and overruled, exceptions reserved, and the cause comes regularly upon appeal from said judgment of the court for review.

The attorneys for plaintiff present their argument upon five propositions, which are as follows:

"(1) The defendants in error were not entitled to contradict their express admission of a fact made on the trial of the case in chief, and in their pleading, and especially in the pleading then on hearing, until such admission was by permission of the court withdrawn.

"(2) An amendment to the petition for a new trial could not be made after the expiration of one year from the date of the judgment, which amendment incorporated a new, distinct, separate and independent ground not within any other grounds alleged within the year, and especially where such ground was exactly contradictory to any alleged in the petition.

"(3) No other ground alleged in the petition for a new trial was sufficient.

"(4) Proceedings of this character are not favored in law, and the applicant must bring himself clearly within the law or he has no standing in court.

"(5) No diligence shown."

It will be observed, first, that no motion for new trial was filed, no exception reserved to the findings of the court and judgment rendered in favor of the plaintiff in the original action; that no notice of appeal was given, and the term of the court, during which this case was tried, expired; that in June thereafter, a motion was filed to modify the judgment, in which motion it was again repeated that the work was stopped by order of the receiver of the defendants, and this same statement was reiterated in the petition for new trial; that the work was stopped by the receiver of the defendants, under the order of the court; and we therefore find in this record that it was admitted three times that the work on the well was stopped by order of the receiver of the defendants in this cause, and it is apparent from this that this admission was not inadvertently made by defendants, as we understand the word. The cause was tried upon the theory that the receiver had a right to stop the well even in violation of the terms of the contract, and no other claim was ever made in this cause until over 18 months after the judgment was rendered, when the defendants attempted to inject a new theory, and, as an unmixed question of law, the trial court should have held that they could not at that late day change their front and attempt to inject a new defense, for, under section 576, Comp. Stats. 1921, it is said, under the head of "Petition for New Trial After Term," that, "No such petition shall be filed more than one year after the final judgment was rendered," and this court, in the case of Butt v. Carson, 5 Okla. 160, 48 Pac. 182, said that:

"The statute of limitations may be interposed against an amendment to a cause of

action, where such amendment sets up an entirely new cause wholly outside of and independent of that previously set forth in the petition, such amendment being in effect a new cause of action."

Again, in the case of Rice et al. v. Folsom, 32 Okla. 496, 122 Pac. 236, this court held:

"A motion for a new trial may be amended after the three days allowed by statute for filing the same by a clearer, more appropriate statement or elaboration of the grounds contained therein; but such an amendment, filed after the statutory time has passed, cannot set up new and independent grounds therefor."

Then, we are compelled to hold that this amendment to the petition for new trial, under the statute and decisions above quoted, should not have been allowed to be filed, and that the defendants must be held to their express admissions of fact made at the trial 'and their solemn pleadings. and that the offer to amend and contradict them came too late, and that the amendment was barred by the statute of limitation.

The only other ground alleged in the petition for new trial, that is worthy of consideration, is that the defendants claim that in December, 1923, they learned, for the first time, about the contract of February, 6, 1919. The record in this case contradicts any such claim. The petition was filed on April 5, 1921, with a copy of the contract relied on by plaintiff for recovery attached thereto as an exhibit, in which contract it was expressly provided that it superseded the contract of February 6, 1919. The defendants demurred thereto and they must be charged with knowledge of the contents of the petition and contract relied upon, and they filed their separate answers thereto, and they are charged with notice that the contract of February 6, 1919, had once been in existence and had been superseded for nearly two years before the trial of this cause, and it was their duty to have made their investigation before the trial, as was held by this court in the case of Wagner v. Caskey, 85 Okla. 168, 205 Pac. 139. This they utterly failed to do, so far as the record showed, and no diligence whatever was shown in discovering the contract of February 6, 1919. In our view of the case, however, this contract is not material in any respect, for it was superseded by the express terms of the later contract of June, 1920, sued upon and relied upon for recovery in this case.

This brings us to the fourth proposition urged for reversal of this cause, and that is that proceedings of this character are not favored in law, and the applicant must bring himself clearly within the law or he cannot succeed, and this court has repeatedly held, as shown by the authorities set out in the case of Bryan v. J. D. Ramsey, 115 Okla. 133, 242 Pac. 222, where it was held:

"That where the trial court ordered a new trial and misapplies or mistakes a legal proposition, such ruling will be reviewed with the same freedom as if made at any other stage of the trial."

We assume that this application for new trial after term was filed under section 576, Comp. Sta's. 1921, and this court has held with reference to the petition for new trial, in the case of Wade v. Hope, 73 'Okla. 289, 176. Pac. 402, that "such application when made should be verified." In all cases where a new trial is sought by the losing party upon the ground of newly discovered evidence, the application for such new trial must be verified by affidavit, and the affidavits showing the newly discovered testimony must be attached thereto, or reason given why the same are not attached. Sections 575 and 812, Comp. Stats. 1921, require that the petition be verified. We find that the petition in the instant case was not verified, and we do not think it was sufficient, under the authorities of this court setting forth the necessary requirements in a case of this character, as found in paragraphs 1 and 2 of the syllabus in the case of Bryan v. Ramsey, supra.

We are therefore of the opinion, as an unmixed question of law, that the court erred in granting the defendants a new trial and setting aside its judgment in favor of the plaintiff, and it follows that the same should be and it is hereby reversed, with instructions to the trial court to set aside said judgment granting defendants a new trial, and reinstate its former judgment in favor of the plaintiff.

By the Court: It is so ordered.

Note.—See under (1) 31 Cyc. p. 413; 17 R. C. L. p. 816: 3 R. C. L. Supp. p. 737. (2) 29 Cyc. p. 958. (3) 29 Cyc. pp. 883, 886, 899, 901, 911, 918; 20 R. C. L. p. 290; 3 R. C. L. Supp. 1051; 4 R. C. L. Supp. p. 1351; 5 R. C. L. Supp. p. 1096. (4) 29 Cyc. p. 927. (5) 29 Cyc. p. 959 (Anno). (6) 4 C. J. § 3189.