### STRAUSS v. THOMPSON.

No. 24857.   May 21, 1935.

Rehearing Denied Sept. 21, 1937.

I. L. Harris, for plaintiff in error.

Sndyer, Owen & Lybrand, for defendant in error.

PER CURIAM. This is an appeal from the judgment of the district court of Oklahoma county, wherein George E. Strauss, plaintiff in error, as plaintiff below, sought cancellation of a resale tax deed as against T. G. Thompson, defendant in error, and the defendant below. The plaintiff sets out in his petition a certain resale tax deed executed by the county treasurer of Oklahoma county; the deed attached to and made a part of plaintiff's petition is as follows:

"Resale Tax Deed (vacant lot) (individual)

"Know All Men by These Presents, that:

"Whereas, the county treasurer of Oklahoma county, state of Oklahoma, sold the property being subject to taxation, taxes duly for the year 1923, hereinafter described tract, parcel or lot of land heretofore on the 3rd day of November, 1924, to said county for nonpayment of delinquent taxes assessed hereon and did execute a separate tax sale certificate therefor, and the same has remained unredeemed for a period of more than two years from the date of said period of more than two years from the date of said sale, and no person having offered to purchase the same by paying the treasurer the amount of all the taxes, penalties, interests, and cost of sale and transfer. Notice of the resale thereof was duly and legally given by the publication of a notice of sale in the Edmond Enterprise, a newspaper of general circulation published in said county once each consecutive week for four publications on the following dates, to wit: March 21, 28, and April 4, 11, 1929, preceding the resale; described the real estate to be sold; the name of the owner of said real estate as shown by the last tax rolls in the office of the county treasurer; the time and place of sale: the date on which said real estate was sold to the county for delinquent taxes: the years that taxes have been assessed and after delinquency added to the county lien; that the same have not been redeemed for a period of more than two years from date of sale to the county; the amount of all delinquent taxes, costs, penalties and interest accrued thereon; that such real estate will be sold to the highest bidder for cash for said taxes, costs, penalties and interests accrued on same, and remaining due, delinquent and unpaid, and on the 24th and 25th days of May, 1929, and 3rd, 4th and 6th days of June, 1929, at a sale begun on the third

Monday of April of the year 1929, between the hours of nine o'clock a. m. and four o'clock p. m., and continued from day to day between the same hours until completed, E. B. Bonaparte, the undersigned treasurer of said county, pursuant to said advertisement, did offer separately for sale at public auction for cash at the office of the county treasurer in the courthouse in and for said county of Oklahoma, where by law the taxes are made payable and did then and there sell separately, upon a tax sale certificate heretofore issued as aforesaid, the following described real property for the amounts set opposite thereto, to wit omitting property not included herein.

| "Description | Purchaser | Price |
|---|---|---|
| "Lot 9, block 1, | E. A. Fariss | $1.50 |
| "Chester Hill addition | | |
| "Lot 10, block 1, | E. A. Fariss | 1.50 |
| "Chester Hill addition | | |

"Chester Hill being an addition to Britton, Oklahoma.

"He being the highest and best bidder therefor, and the same sum being the highest amount bid therefor, and the said real estate as described aforesaid being all vacant lots, in Oklahoma City and Britton, Okla., and

"Whereas, the owner of said property so sold at resale has not offered to redeem the same by paying to the county treasurer the amount of all taxes, penalties, interest and costs of sale up to date of such redemption and the said property remains unredeemed.

"Now, therefore, this indenture made this 17th day of June, 1929, between the state of Oklahoma, by E. B. Bonaparte, the treasurer of Oklahoma county, of the first part, and the said E. A. Fariss of the second part.

"Witnesseth, that the said party of the first part for and in consideration of the premises and the sum of $458 and $16.15 fees in hand paid, hath granted, bargained and sold, and by these presents doth grant, bargain, sell and convey unto the said party of the second part, his heirs and assigns forever, the tract or parcel of land so sold at resale as aforesaid and described as follows, to wit:

| "Description | Price |
|---|---|
| "Lot 9, block 1, | 1.50 |
| "Chester Hill addition | |
| "Lot 10, block 1, | 1.50 |
| "Chester Hill addition | |

"Chester Hill being an addition to Britton, Oklahoma.

"To have and to hold said tract or parcel of land with appurtenances thereunto belonging to said party of the second part, his heirs and assigns forever, in as full and ample manner as the said treasurer of said county is empowered by law to sell and convey the same, and all delinquent taxes, penalties, interest and costs previously assessed or existing against said real estate, including ad valorem and outstanding individual and county tax sale certificates are hereby canceled and set aside. All special improvements taxes are hereby excepted.

"In testimony whereof, the said E. B. Bonaparte, treasurer of said county of Oklahoma, State of Oklahoma, has hereunto set his hand and seal on the day and year aforesaid.

"State of Oklahoma
"By E. B. Bonaparte
"(Seal) County Treasurer of Oklahoma County.
"Attest :————"
(Seal)

Plaintiff then alleges:

"That the said purported tax deed is void and of no force and effect for the following reasons, to wit:

"1. The said property was not properly advertised for the delinquent taxes for the year or years the property was purported to have been sold to Oklahoma county.

"2. That the purported original return of said sale for the year upon which the resale tax deed is based does not show affirmatively that the property was ever sold to Oklahoma county.

"3. That the said property was not properly advertised in the notice of the said resale, which notice was not advertised in the name of this plaintiff or his grantors.

"4. The said purported tax deed was executed by the county treasurer on the 17th day of June, 1929, and recites a resale purported to have begun on the third Monday in April, 1929, that the treasurer did not conclude the 1929 resale until or about the 21st day of June, 1929, and that the said resale was still in progress on June 17, 1929, when the said purported resale tax deed was issued by the county treasurer and that said county treasurer was without jurisdiction to execute or deliver the same at the time the deed was executed.

"5. That said deed was further void on its face, for the reason that the same shows that the property was sold on the 24th and 25th days of May, 1929, and the 3rd, 4th and 6th days of June, 1929, without setting forth the date on which each particular tract of land described in the purported tax deed was sold.

"That the plaintiff hereby tenders into open court for the use and benefit of the defendant all of the taxes, costs and pen-

alties due and delinquent on said property, the same as if plaintiff were now redeeming said property from said sale."

To this petition, the defendant filed his demurrer, alleging that the same did not state a cause of action against the defendant, and further alleging that if the plaintiff ever had a cause of action, the same, is barred by section 12756, Okla. Stats. 1931.

The plaintiff alleges as error the sustaining of this demurrer. These pleadings present the question as to the deed being void on its face. If it is void the demurrer should have been overruled and the evidence taken. We now proceed to a determination of the question as to whether or not the deed is void on its face. An exact copy of the deed is set forth herein, so it may be compared with the requirements of the statutes applicable to decisions hereinafter referred to on the same question. It appears that a deed in this exact form was before this court in the case of Hatchett v. Going, 121 Okla. 25, 246 P. 1100, and the opinion in that case quotes from the pleadings the form of the deed then being considered. All the provisions of the deed in the Hatchett v. Going Case are identical with those of the deed now before us, and therein the court found that the same was not void on its face. After such finding the court sustained the deed therein quoted and refused to require the county treasurer, whose duty it was to issue a deed, to change the form of the same, holding that the deed complied with all the provisions of the statutes.

The opinion in the case of Michie v. Haas, 134 Okla. 57, 272 P. 883, concludes with the following paragraph;

"The primary object seemed to have been lost to the sight of the courts, that being that the object of tax sales was to support the government by enforcing the payment of taxes and that the resale was merely a delayed action for the benefit of the taxpayer as well as the state wherein the agency of the state bought the thing, when the owner defaulted and others failed to buy at the sale, and held the property for a period of two years for redemption, then to sell again for two purposes: (1) To secure what value possible for the property, as in foreclosure, and (2) to replace the property where it will again bear its proportionate share of the governmental cost as property to be taxed."

In Swan v. Kuehner, 157 Okla. 37, 10 P. (2d) 707, the various cases arising on such tax deeds are considered and the many decisions of this court analyzed. From these cases the court has established a fixed rule which in substance shows that a statute must be construed in accordance with the legislative intent, and to ascertain that intent the various provisions of the legislation must be construed together.

In view of the holding of this court that a deed containing the recitals provided by the statute is valid on its face, we are constrained to apply the statute pleaded as a bar to plaintiff's action. In section 12756, we find the following, "and twelve months after said deed shall have been filed for record in the county clerk's office, no action shall be commenced to void or set aside said deed, except as to infants, idiots, and insane persons or other persons under legal disability who shall have one year after removal of such disability in which to redeem said real estate."

The petition before us recites the recording of the deed on June 20, 1929. The petition was filed in the district court of Oklahoma on July 15, 1933.

The opinion of the court in the Hatchett v. Going Case has been approved in the more recent case of Winters v. Birch, 169 Okla. 237, 36 P. (2d) 907.

It appears that the questions raised by the plaintiff in error have been met by the decisions above referred to. In his brief the plaintiff sets out various errors of the trial court, but, on referring to the same, we conclude that each one of the matters referred to in the brief is met by the decisions of this court, and it is unnecessary to take up an argument under each division as shown by the plaintiff in error's brief.

The plaintiff further complains that the deed was not regular in form in that the acknowledgment did not carry the date of expiration of the commission of the notary. The deed recited, after the certificate of the notary, "January 12, 1930." The deed was accepted for recording and recorded. The fact that the notary did not use the ordinary phrase, "My commission expires," did not invalidate the instrument. Phelps and Bigelow Windmill Co. v. M. H. Baker, 49 Kan. 430, 30 P. 472.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Kelly Brown, Harry G. Davis, and Julian B. Fite in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and

approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Brown and approved by Mr. Davis and Mr. Fite, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BAYLESS, BUSBY, and GIBSON, JJ., concur.