WHITE v. DICKERSON.

No. 32504. Feb. 4, 1947.

*177 P. 2d 113.*

Gore & Gore, of Altus, for plaintiff in error.

Robinson & Oden, of Altus, for defendant in error.

WELCH, J. Plaintiff sought recovery of debt in the stated sum on the theory that defendant in the purchase of real estate obligated himself personally to a third party, the vendor of the real estate, to pay him the sum here sued for, and that plaintiff paid said sum for defendant, or at her personal expense fully discharged defendant's obligation for him in that sum, under such circumstances as would create an implied contract, if no expressed contract, on the part of defendant to repay plaintiff said sum.

The record presents the one question, whether plaintiff's petition is sufficient as against general demurrer. On such consideration every allegation of fact is taken as true, together with every reasonable inference arising from the facts alleged and so taken as true. The plaintiff cites and relies upon Big Pond v. Mutaloke, 187 Okla. 611, 105 P. 2d 408, and Phillips Petroleum Co. v. Matthesen, 171 Okla. 541, 44 P. 2d 56. These decisions and others cited demonstrate the well-established rule as above stated.

On the record and briefs we are impressed with the argument that plaintiff's petition is sufficient to present plaintiff's theory as outlined in the first paragraph. There is definite allegation that defendant obligated himself by written contract to pay the sum involved as a stated part of the consideration of the real estate purchase; that payment of this sum was immediately necessary in closing the transaction; that defendant either could not or at any rate did not make the payment, but plaintiff did in fact make it for him.

Defendant points out the fact, and presents argument thereon, that he was purchasing the real estate for his sister and that he was a trustee, and so took the title to the land, though in his own name personally. That, however, does not affect the statements in the preceding paragraph. Of course, none can deny that, although one may be acting as trustee, yet, he may so act in a given transaction as to obligate himself personally. It is alleged that defendant so acted in this transaction and that is admitted for the purpose of this demurrer. We observe also that defendant did convey this property over to his sister for whom he purportedly bought the same. Not long thereafter the property was conveyed back to defendant so that perhaps the payment made by plaintiff was ultimately for the sole benefit of defendant.

Defendant urges that whatever payment was made by plaintiff was in fact made for the benefit of defendant's sister and her husband, who was plaintiff's nephew, and was made by plaintiff as a volunteer payment without expectation of receiving repayment or any agreement by any of the parties to repay, and it is suggested that in any event plaintiff's remedy, if any, is an action against the person for whom defendant originally acted as trustee. These matters, or some of them, might be of value to the defendant defensively, and upon ultimate trial might be urged in defense. But these matters are not pertinent here since our consideration is restricted to a consideration of the allegations of plaintiff's petition, which we find to be sufficient as against a general demurrer testing merely the facts alleged to constitute a cause of action against the defendant.

We observe that plaintiff's petition contains no allegation in reference to the Intangible Tax Law, 68 O. S. 1941 § 1515. It does not appear that this matter was in any manner presented in defendant's demurrer or called to the attention of the trial court. Our determination here shall not in any manner operate to prevent the trial court from considering that matter and taking appropriate action thereon.

For the reasons stated, the judgment appealed from is reversed, and the cause remanded, with directions to overrule defendant's general demurrer to plaintiff's petition.