FOWLER v. CITY OF SEMINOLE.

No. 33652.    April 18, 1950.

*217 P. 2d 513.*

A. S. Wells and Wells & Wells, all of Seminole, for plaintiff in error.

Horsley, Epton & Culp and Hicks Epton, all of Wewoka, and W. B. Edwards, of Seminole, for defendant in error.

HALLEY, J. Parties will be referred to as they appeared in the lower court.

On June 1, 1942, W. L. Fowler filed a petition against the city of Seminole, alleging that he was the owner of a franchise from J. H. Killingsworth giving him the right to build and construct a water system and to furnish water for 25 years to residents of Killarney Hills, a subdivision adjoining the city of Seminole. That Killarney Hills was a 40-acre tract which Killingsworth had divided into lots and blocks, selling the lots for the construction of houses. Fowler drilled water wells and laid pipe connecting the houses in the subdivision with his water wells for their water supply. This 40 acres constituting Killarney Hills was brought into the city of Seminole, and the city of Seminole extended city water lines and sewer mains into this subdivision.

W. L. Fowler died on February 3, 1944, and the cause was revived in the name of his wife as administratrix of his estate.

The first petition of the plaintiff Fowler asked for the loss he sustained by the invasion of his franchise rights by the city of Seminole, and also for punitive damages. On November 30, 1944, the plaintiff filed an amended petition which was also based on damage sustained by the invasion of the rights W. L. Fowler had obtained by virtue of his alleged franchise, but the cause of action for punitive damages was dropped. The plaintiff was again allowed to amend the petition on January 4, 1945, alleging that by reason of the damage done to the water system put in by W. L. Fowler it was impossible for water to be supplied to his customers. On April 9, 1947, the plaintiff filed another amended petition, seeking to recover $2,600 for the damage done to the water pipe installed by W. L. Fowler,

by reason of the city's breaking and destroying said pipe and heaping dirt and burying the same so deep that it would be unprofitable to attempt to recover the pipe.

The defendant had demurred at every stage of the proceedings, and on October 10, 1945, the trial court sustained a demurrer to that part of the petition which sought to recover for damages by virtue of the invasion of the franchise rights. The plaintiff appealed from this, but the appeal was dismissed in this court in the case of Fowler v. City of Seminole, in which the mandate was issued on December 10, 1945, 196 Okla. 167, 163 P. 2d 526.

The issues were made up and the case was tried to a jury, and a verdict rendered in favor of the defendant, city of Seminole.

The plaintiff in error, in her brief, fails to set out any assignments of error, but in her petition in error are stated certain errors of the court in the trial of the case. She argues in her brief only one proposition, and that is that even though the actual work was done by the Public Works Administration, a Federal agency, it was a responsibility that could not be delegated by the city. She wholly abandoned the proposition that the trial court committed error in sustaining a demurrer to that part of her petition which had to do with the invasion of the alleged franchise rights, so that question is not before us.

The defendant has urged in its brief, as one of the propositions for sustaining the trial court, that the statute of limitations applied in this case. We think that proposition disposes of this case. There is sufficient evidence to have justified the trial court in sustaining a motion of the defendant for a directed verdict at the close of all the evidence, because of the fact that more than two years had elapsed since the alleged injuries to the plaintiff occured; but the trial court submitted this question to the jury, which found

for the defendant. The original petition shows clearly that the alleged invasion and damage to the water system of the plaintiff's deceased occurred prior to the filing of the petition. The amended petitions which specifically set up the cause of action for the damage to the personal property of the deceased were not filed within two years from the accrual thereof. The question then remains as to whether or not that was a cause of action which could relate back to the original pleading, or if it was such a new cause of action that the statute of limitations ran against it. The trial court held that the original cause of action, filed in 1942, was insufficient, but any allegation of error as to this has been abandoned. We held in Murray v. McGehee, 121 Okla. 248, 249 P. 700, that the running of the statute of limitations was not arrested by a petition which failed to state a cause of action, and an amendment made after the bar of the statute is completed will be regarded as the beginning of an action in reckoning the statutory period of limitation.

Even if the trial court had held the original complaint to be good, yet the statute of limitations would have barred the amended petition as to the damage to the personal property because it does not relate back to the original cause of action for damage to the franchise rights, as it was an entirely separate and distinct claim and a substantial change therefrom. The following statement is found in 54 C.J.S., Limitation of Actions, §281(a):

"The general rule is that an amendment which introduces a new or different cause of action and makes a new or different demand does not relate back to the beginning of the action, so as to stop the running of the statute of limitations, but is the equivalent of a fresh suit on a new cause of action, so that the statute continues to run until the amendment is filed."

This rule is sustained by Butt v. Carson, 5 Okla. 160, 48 P. 182; Mann v. Wilson, 117 Okla. 239, 246 P. 464; Tur-

ner v. Pitts, 162 Okla. 246, 19 P. 2d 563; Sunlight Carbon Co. v. St. Louis-S. F. Ry. Co., 15 Fed. 2d 802; and Bruce v. First National Bank of Seattle, 180 Wash. 614, 41 P. 2d 779.

The judgment of the trial court is affirmed.

CORN, GIBSON, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur.