SARKEYS et al. v. SIMPSON et al.

No. 35100.   May 6, 1952.

*244 P. 2d 311.*

W. F. Schulte, Ada, for plaintiffs in error.

Busby, Harrell & Trice, Orel Busby, L. H. Harrell, and A. W. Trice, Ada, for defendants in error.

BINGAMAN, J.    This action was brought by plaintiff S. J. Sarkeys, against the defendants, R. W. Simpson, Orel Busby, L. H. Harrell, Lena Adair and Wick Adair, as holders of a resale tax deed issued by the county treasurer of Pontotoc county, covering certain lands owned by plaintiff, and against certain other defendants who claimed an interest in said land by virtue of certain mineral reservations made prior to the time plaintiff acquired his title. In his petition plaintiff asserted the invalidity of the tax deed for the reason, among others, that the land was not advertised for delinquent tax sale for the time and in the manner required by law and that the amount for which the same was advertised for resale included items of tax, interest and penalties then not legally due and delinquent and that the amounts claimed to be due were excessive, illegal and void. As against the defendants other than those above named, he asked that they be required to assert their claims if they claimed any right in the real estate, and that his title be quieted against the claims of all defendants, and for rents and profits due to the occupation of the lands by defendants.

The defendant L. A. Stark filed an answer and cross-petition, in which she adopted the allegations of plaintiff's petition with reference to the invalidity of the tax deed and sought to have her title quieted against the tax deed. Thereafter plaintiff filed an amended petition in which he made the same allegations against the holders of the tax deed as he had in his original petition, but amplified to some extent his claims against the other defendants. The defendants, R. W. Simpson and others, holders of the tax deed, demurred to the petition and amended petition of plaintiff on the ground: (a) that they did not state sufficient facts to constitute a cause of action, (b) that the court had no jurisdiction of the cause, (c) that plaintiff had no legal capacity to sue, (d) that several causes of action were improperly joined, and (e) that the petition showed on its face that the cause of action was barred by the statute of limitation. They filed the same demurrer against the answer and cross-petition of the defendant L. A. Stark. The trial court overruled the demurrers on the first four grounds, but sustained them upon the fifth ground, and when plaintiff and cross-petitioner elected to stand on their pleadings dismissed the action of plaintiff and cross-petition of the defendant L. A. Stark as against the holders of the tax deed. Plaintiff and cross-petitioner L. A. Stark appeal.

Plaintiff contends that in his amended petition he sufficiently alleged that the tax deed was not advertised for the time required by law and that it was advertised for items of tax, interest and penalties not legally due; that such allegations, if proven, would render the resale deed void for jurisdictional reasons under our decisions, and that therefore the trial court erred in holding that the statute of limitation applied.

From the record it appears that the resale tax deed, which was attached to plaintiff's amended petition by amendment, was filed of record on June 3, 1939, which was more than five years prior to the date of the 1949 amendment to 12 O. S. 1941 §93 (12 O. S. 1951 §93, subd. 6), and that the original petition in this cause was filed prior to the expiration of the one year extension provided for in that amendment.    Plaintiff and cross-petitioner assert that the statute of limitations prior to the date of the 1949

amendment to section 93, supra, would not apply to their action where they seek to void the deed for jurisdictional defects.

In support of their proposition that if the property was not advertised as required by law, the resale deed would be void, and that the statute of limitation would not bar the action, they cite Dierks v. Walsh, 203 Okla. 113, 218 P. 2d 920; Chapman v. Calhoun, 204 Okla. 63, 226 P. 2d 974; Welborn v. Whitney, 190 Okla. 630, 126 P. 263, and other cases so holding.

In support of their contention that the inclusion in the amount of taxes for which the sale was advertised of items of tax, interest and penalties not legally due, is also a jurisdictional defect which renders the resale deed void, so that an action thereon would not be barred by the statute of limitation, they cite Sarkeys v. Evans, 197 Okla. 304, 170 P. 2d 229; Smith v. Barry, 200 Okla. 619, 198 P. 2d 400, and other cases so holding.

Defendants do not contend that the original petition filed by plaintiff was not filed within the time allowed by 12 O. S. 1951 §93, subd. 6, but they contend that the original petition failed to state a cause of action in that the averments of the petition were conclusions and not facts, and that therefore the amended petition, filed after the expiration of the time extension provided in subdivision 6, did not relate back to the date of the filing of the original petition, citing Fowler v. City of Seminole, 202 Okla. 635, 217 P. 2d 513, and other cases holding that where the original petition fails to state a cause of action, an amended petition filed thereafter does not relate back to the date of the filing of the original petition. It follows that the decisive question presented is whether the averments of the original petition filed by plaintiff were sufficient to state a cause of action against the defendants.

Among other defects alleged in the tax sale and deed which would render it void, the petition, after alleging that the lands were not legally assessed for the years in which the same was attempted to be sold, contained the following allegations:

"b. That the same was not advertised for the time and in the manner required for a valid delinquent sale of the said property;

"c. That the same was advertised for delinquent sale for an amount in excess of the true amount due thereon;

"d. That the resale of the said lands was not advertised for the time and in the manner required by law;

"e. That the amount for which the same was advertised for resale included items of tax, interest and penalties then not legally due and delinquent; and that the amounts so claimed to be due were excessive, illegal and void."

We think that in the absence of any motion to make more definite and certain the above allegations sufficiently pointed out the two jurisdictional defects in the sale relied upon by plaintiff and cross-petitioner. We have repeatedly held that as against a demurrer the petition must be liberally construed, and that all its allegations of fact must be taken as true, together with all reasonable inferences therefrom. Stevenson v. Friend, 196 Okla. 249, 165 P. 2d 133; Raley v. Thompson, 203 Okla. 633, 225 P. 2d 171; White v. Dickerson, 198 Okla. 214, 177 P. 2d 113. As we view the allegations above set forth they allege as facts that the advertisement of the sale did not conform to the law, nor was it published for the time required by law, and also that in the sale were included taxes, penalties and interest then not due. In the absence of any motion to make more definite and certain, plaintiff certainly would have been permitted upon trial to offer evidence tending to prove such facts.

That the trial court considered the averments sufficient is shown by the fact that it overruled the ground of demurrer in which defendants asserted that the petition failed to state facts

sufficient to constitute a cause of action. If, as we hold, the original petition and the cross-petition of the defendant L. A. Stark, which adopted these allegations in the petition of plaintiff, stated a cause of action as to the two jurisdictional defects alleged, then the holding of the trial court that the action was barred by the statute of limitation was erroneous, under the authorities above cited.

Defendants cite Strauss v. Thompson, 180 Okla. 506, 71 P. 2d 994, as holding that where a resale tax deed is valid on its face an action thereon is barred by the short statute of limitation. But in that case the court noted that the pleadings presented the question as to the deed being void on its face, and no jurisdictional defect such as considered in the cases first cited herein was considered by the court.

Defendant also asserts that the petition shows on its face that the action is barred by laches, since the tax deed was filed of record in 1939, and the action was not commenced until 1950. We are unable to agree with this contention.

In Morton v. Van Orsdol, 203 Okla. 394, 222 P. 2d 520, a case somewhat similar to the instant case, we held that the question of whether a claim is barred by laches must be determined by the facts and circumstances in each case, and that delay alone was not sufficient to establish laches, but it must be shown that it works a disadvantage to another and causes change of condition or relation during the period of delay. There is no such showing in the instant case.

Defendants also contend that the cross-petition of L. A. Stark was barred by the statute of limitation, but in Clark v. Duncanson, 79 Okla. 180, 192 P. 806, we held that where the original action was not barred by the statute of limitation a cross-petition filed therein was likewise not barred. Defendants do not controvert the holding in this case, but assert that the cross-petition was

barred because of the invalidity of the original petition. Since we hold that the original petition was sufficient, it follows that this contention may not be sustained.

Reversed, with directions to overrule the demurrer of the defendants to the amended petition of plaintiff and the answer and cross-petition of the defendant L. A. Stark.

HALLEY, V. C. J., and WELCH, JOHNSON, and O'NEAL, JJ., concur. CORN, J., dissents.