A. W. GAGE, Plaintiff in Error,

v.

The TEXAS COMPANY, also known as Texaco, Inc., a foreign corporation, and Nelson-Spain Drilling Company, a co-partnership, Defendants in Error.

No. 40603.

Supreme Court of Oklahoma.

June 30, 1964.

Rehearing Denied Sept. 15, 1964.

John B. Ogden, Oklahoma City, for plaintiff in error.

Philip R. Wimbish, J. Frederick Lawson, Tulsa, for defendants in error.

**PER CURIAM.**

The parties appear in this Court in the same relative position as they did in the court below and will be referred to as plaintiff and defendants.

Plaintiff filed this action for damages against defendants as a result of the death of two of plaintiff's cows. Separate general demurrers to the petition were sustained by the trial court, and plaintiff was permitted to file an amended petition. Defendants filed separate general demurrers to the plaintiff's amended petition which were sustained by the trial court. Plaintiff elected to stand on his amended petition and the trial court dismissed the action. Plaintiff now appeals.

Defendants' brief submits that the issue and the trial court's decision were as follows:

"Where an oil and gas lessee commences drilling operations with the knowledge of the surface owner, and in the course of such operations constructs necessary pits for the storage of oil, salt water, etc., is such lessee under a legal duty either to notify the surface owner that such pits have been constructed or to take precautions to prevent the surface owner's cattle from gaining access to and drinking from such pits?"

It is to be noted that defendants state, "* * * commences drilling operations with the knowledge of the surface owner, * * *."

In Sarkeys v. Simpson, 206 Okl. 425, 244 P.2d 311, we held that as against a demurrer, a petition must be liberally construed, and all of its allegations of fact must be taken as true, together with all reasonable inferences therefrom, and if any fact stated therein entitles the plaintiff to any relief, the demurrer should be overruled. See also Fowler v. Van Francis, Okl., 362 P.2d 107.

In examining the amended petition, together with all reasonable inferences therefrom, we find that the amended petition

was sufficient to allege that drilling operations were commenced *without the knowledge of the surface owner*, (plaintiff). Therefore, we are considering an amended petition which alleged that drilling operations were commenced "without the knowledge of the surface owner" instead of "with the knowledge of the surface owner."

■ We disagree with the trial court's decision. In Hamon v. Gardner, Okl., 315 P.2d 669, the oil and gas lessee moved upon plaintiff's pasture on January 15, 1952, and on January 27, 1952, had completed the drilling of two oil wells and had started a third one. Two slush pits were open and unfenced and cattle tracks were found around them on January 27, 1952. Plaintiff was away from his home and pasture between January 21st and 27th, 1952, and did not know, and had not been advised that defendants were carrying on drilling operations in his pasture until January 27, 1952, at which time he removed his cattle from the pasture. Thus plaintiff had no notice of defendant's operations and no opportunity to protect his cattle which were running upon his pasture, until after they had sustained the alleged damages. Under such circumstances, we held in the fifth paragraph of the syllabus:

"Where the owner of an oil and gas lease moves upon pasture lands where cattle are grazing and commences drilling operations without imparting notice or knowledge of his operations to the owner of the land and cattle, and the owner of the cattle has no knowledge of the drilling operations, it is the duty of the oil lessee to exercise reasonable care to discover and protect the cattle until plaintiff has notice of the drilling operations and an opportunity to protect his cattle."

■ In the case before us the allegations of plaintiff's amended petition stated a cause of action under the rule of the above cited case. Plaintiff alleged that he was the owner of the surface rights to the land and had used it for grazing for a number of years; that he had resided on the land and he also resided in Moore, Oklahoma, and occasionally went to said pasture lands for the purpose of looking after his cattle; that when defendants began the drilling of the well, they knew plaintiff had cattle grazing on said enclosed pasture land upon which defendants drilled; that defendants saw the cattle grazing and knew they would drink from the pits which defendants erected and filled wth salt water, oil, and other deleterious substances, and knew that if the cattle drank they would be damaged; that plaintiff had no knowledge of the erection of the pit and its being filled with the substances mentioned; that two of plaintiff's cows drank from said pit and became poisoned and died; and that "defendants knew that said cows drank from said pit, and said defendants failed, neglected and refused to prevent said cows drinking from said pit or notifying the said plaintiff of said danger and the existence of said pit on said pasture therein contained and placed there by said defendants"; and plaintiff prayed for damages in the amount of the value of the two cows.

Defendants rely on the rule that an oil lessee owes no duty to the surface owner to fence off slush pits and cite Mid-Continent Petroleum Corp. v. Rhodes, 205 Okl. 651, 240 P.2d 95; Pure Oil Co. v. Gear, 183 Okl. 489, 83 P.2d 389. Those cases are not in point because in each of those cases the landowner had notice of the oil lessee's operations and had a duty to protect his cattle himself. In the instant case the allegations are that plaintiff was not present, had no knowledge of defendants' operations, and had no opportunity to protect his cattle. Under these allegations and the rule of the case of Hamon v. Gardner, supra, plaintiff stated a cause of action and the demurrers should have been overruled.

Reversed with directions to overrule the separate demurrers to the amended petition.

BLACKBIRD, C. J., HALLEY, V. C. J., and JOHNSON, WILLIAMS, JACKSON and IRWIN, JJ., concur.